UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

No. 9:15-cv-80073-Ryskamp/Hopkins

ADT LLC and ADT US HOLDINGS, INC.,

    Plaintiffs,

        v.

ALARM PROTECTION LLC, *et al.*,

    Defendants.
_____/

**ADT'S REPLY IN FURTHER SUPPORT OF ITS**
**MOTION FOR LEAVE TO SERVE AN AMENDED COMPLAINT**

The parties have jointly submitted a proposed schedule for this case [DE 24] that provides for amendments to the pleadings through October 2015.  Nonetheless, defendants oppose ADT's motion to amend the complaint [DE 21] on grounds that the amendment would be "futile."  [DE 22.]  In reply, ADT states:

    1.    Defendants argue that issue preclusion and claim preclusion operate to bar the claims asserted in the proposed amended complaint.  But as explained at length in DE 14 – incorporated here by reference – neither preclusion doctrine applies to this action.

    2.    Claim preclusion cannot apply because the claims at issue here are based on sales calls occurring in 2014 and 2015, well after the institution of the prior action in 2012.  By definition, the claims pled in this complaint could not have arisen in 2012, and therefore cannot be barred by *res judicata*, as numerous Eleventh Circuit cases have confirmed.  *See* DE 14 at 6-12.

3. Defendants elsewhere argue [DE 15 at 4] that the claims at issue here, based on conduct occurring in 2014 and 2015, are all part of an ongoing "series of transactions," such that the judgment in the prior action operates to bar actions for later misconduct occurring in the "series." In fact, the Supreme Court long ago expressly rejected this argument: "That both suits involved 'essentially the same course of wrongful conduct' is not decisive. Such a course of conduct – for example, an abatable nuisance – may frequently give rise to more than a single cause of action." *Lawlor v. National Screen Service*, 349 U.S. 322, 328 (1955); *accord* 18 C. Wright, A. Miller & E. Cooper, FED. PRAC. & PROC.: JUR. 2D § 4409 (2013) (the "basic claim-preclusion result is clear: a new claim or cause of action is created as the conduct continues").

4. In support, defendants cited *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265 (11th Cir. 2002). [DE 15 at 4-5.] **In fact, Trustmark stands for the contrary proposition.** *Trustmark* involved multiple breaches of the same contract *prior to the institution of the prior action*. *Trustmark* agreed that claims based on conduct occurring *after* the filing of the prior action *cannot* be barred by a judgment in that action:

> A series of breaches of the same contract, **all occurring before filing suit**, should be brought in that suit. *See, e.g.,* RESTATEMENT (SECOND) OF JUDGMENTS § 24 cmt. d (1982) ("When a defendant is accused of successive but nearly simultaneous acts, or acts which though occurring over a period of time were substantially of the same sort and similarly motivated, fairness to the defendant as well as the public convenience may require that they be dealt with in the same action."); *Prime Mgmt. Co., Inc. v. Steinegger,* 904 F.2d 811, 816 (2d Cir. 1990) (holding that "res judicata will preclude the party's subsequent suit for any claim of breach **that had occurred prior to the first suit; it will not, however, bar a subsequent suit for any breach that had not occurred when the first suit was brought**," and citing *Klein v. John Hancock Mut. Life Ins. Co.,* 683 F.2d 358 (11th Cir. 1982), which involved a similar ruling in the context of a prior suit ending in a settlement and release).

2

*Trustmark*, 299 F.3d at 1270 (emphasis added).  *Trustmark* thus restates the hornbook proposition, repeatedly confirmed by the Supreme Court and the Eleventh Circuit, that *res judicata* cannot bar claims for conduct occurring after the institution of the prior action.  *Trustmark*, far from supporting defendants' *res judicata* argument, in fact underscores why *res judicata* cannot apply here to bar claims that did not exist until 2014 and 2015.

     5.    Defendants, ignoring the contrary Eleventh Circuit cases cited in DE 14 at 10-12, have also argued that ADT could and should have litigated the 2014 claims in the prior action.  [DE 15 at 5-6.]  Defendants conceded [*see id*.] that ADT (joined by defendants) unsuccessfully moved the Court to adjourn the trial calendar by a year to permit ADT to develop and assert these new claims in the prior action.  Yet defendants contended that ADT should nonetheless have ignored the Court's order and should have presented these new claims in the prior action because, defendants argued [*id*.], "the trial date was subsequently continued multiple times at ADT's request (ADT I DE 340 and DE 397), and ADT made the strategic choice not to add any of its newly disclosed witnesses to its trial witness list."

     6.    That contention is unfair for a number of reasons.  *First:*  Had ADT on its own added dozens of new witnesses to its witness list after the Court had already refused a joint motion to adjourn the trial for that very purpose, [APT DE 322] ADT would have been at peril of a contempt order.  *Second:*  The Court had already denied ADT's efforts to add just *two* corporate representative witnesses, Tony Wells and Sue Gates, to its witness list after the deadline, [APT DE 324] just five days after the Court denied the motion to adjourn the trial date – again, hardly a posture in which ADT might have then

added *dozens* of new witnesses to its list.  *Third:*  ADT did not make a "strategic choice" not to add these witnesses when the Court continued the trial date in DE 340 and DE 397, because neither continuance afforded ADT the opportunity to introduce new claims and dozens of new witnesses into the prior action.  In fact, DE 340 granted ADT's motion [APT DE 339] for a brief adjournment to accommodate undersigned counsel's admission to hospital with a life-threatening illness, [APT DE 339-1] while DE 397 granted both sides' agreed motion to move the trial date to the next trial calendar to accommodate their expert witnesses' schedule conflicts.  Defendants cannot seriously maintain that ADT could or should have listed dozens of new customers, or the dozens of sales agents who pitched to them, as new trial witnesses while its lawyer was in the hospital, or on the eve of trial while the parties were reconciling their expert witnesses' schedules with the trial calendar – much less that it was ADT's "strategic choice" not to have done so.

7. For these reasons, the proposed amendment is not futile for reasons of *res judicata*.  The claims presented in this action arose long after the prior action was filed.  Even though the rules of *res judicata* did not require it, ADT moved the Court for leave to bring them into the prior action; but the Court denied that motion.  *Res judicata* has no conceivable application on these facts.  *See Trustmark*, 299 F.3d at 1270.

8. Nor is the proposed amendment futile for reasons of issue preclusion.  Issue preclusion applies only where the "issue at stake is *identical* to the one involved in the prior proceeding," *Christo v. Padgett*, 223 F.3d 1324, 1339 (11th Cir. 2000) (emphasis added), *quoting Pleming v. Universal–Rundle Corp.*, 142 F.3d 1354, 1359 (11th Cir. 1998), and that requirement cannot be met on the facts presented in the two actions.  In the prior action, the jury found that sales agents who used the APT acronym

4

and who identified themselves as being from APT were not likely to confuse customers into believing they represented ADT because, by the conclusion of the sale, customers signed "Clarification Questionnaires" in which they stated that they understood that the agents did not represent ADT.  This action, by contrast, does not implicate the APT acronym, and does not allege confusion arising from defendants' agents' apparent representation of ADT.  Instead, this action alleges confusion arising from a different kind of sales pitch, in which the defendants' agents make it clear that *they do not represent ADT*, but instead are acting in some respect in concert with ADT or with the maker of the customer's ADT alarm equipment.  The Clarification Questionnaires, on which defendants heavily relied in the prior action to exonerate themselves, are irrelevant to the kinds of false pitches alleged in this action, for the simple reason that the pitches at issue in this action do not suggest that defendants' agents represent ADT.

9. Because the sales pitches presented in this action differ in kind and effect from the pitches in dispute in the prior action, issue preclusion cannot apply here.  To the extent defendants believe that any particular sales pitch to any ADT customer alleged in this action is precluded by the judgment in the prior action, they may raise it with respect to that occurrence.  Issue preclusion, however, does not provide a basis for the wholesale dismissal of this action.

10. For these reasons, neither claim preclusion nor issue preclusion applies to bar either the original complaint or the proposed amended complaint in this action.  Accordingly, "futility" plays no role in this motion.  For the reasons already stated in DE 21, the Court should grant the motion and allow ADT to serve the amended complaint.

## CONCLUSION

The motion should be granted.

Dated:  July 11, 2015

Respectfully submitted,

s/C. Sanders McNew
_____
C. Sanders McNew
mcnew@mcnew.net
Florida Bar No. 0090561
McNEW P.A.
2385 NW Executive Center Drive, Suite 100
Boca Raton, Florida  33431
Tel:  (561) 299-0257
Fax: (561) 299-3705

*Counsel for the Plaintiffs, ADT LLC
 -and- ADT US Holdings, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of July, 2015, I caused a true and correct copy of the foregoing Reply to be served by CM/ECF on all parties listed to receive electronic service for this case, as listed below:

### CM/ECF Participants

Michael Marcil, Esq.
Jennifer Nicole, Esq.

s/ C. Sanders McNew
_____
C. Sanders McNew