UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

No. 9:15-cv-80073-Rosenberg/Hopkins

ADT LLC and ADT US HOLDINGS, INC.,

    Plaintiffs,

        v.

ALARM PROTECTION LLC, *et al*.,

    Defendants.
_____/

### ADT'S OPPOSITION (REDACTED)[*] TO DEFENDANTS' MOTION TO DISMISS THE THIRD AMENDED COMPLAINT

    Defendants have now served multiple Rule 12 motions that reassert arguments that Judge Ryskamp already rejected, [DE 29] along with new arguments that defendants could have made in their first Rule 12 motion but didn't, in violation of that rule. *See* FED. R. CIV. P. 12(g)(2). Each of defendants' arguments must be rejected. Their attempt to reargue their already-rejected issue-preclusion arguments violates settled Rule 12 procedure, ignores the law of the case, and errs in substance. On the merits, defendants' preclusion arguments are not supported by the trial record in the prior action, which is not before this Court on a Rule 12 motion. Moreover, defendants' challenge to the Court's jurisdiction over six of the defendants fails to offer any supporting proof, as the law requires. Finally, defendants' arguments for striking parts of ADT's complaint likewise ignore settled procedure and the law of the case. The motion must be denied.

**I.    The Motion Violates Rule 12(g).**

    At the outset, the Court should deny the motion out of hand because it violates Rule 12(g), which provides that "a party that makes a motion under this rule must not make another

---

[*] ADT provisionally filed this opposition and its exhibits under seal. [DE 192.] The Court sealed the filing and ordered ADT to file this redacted version. [DE 194.]

motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." FED. R. CIV. P. 12(g)(2). Defendants first served a Rule 12 motion in March 2015, more than a year ago, [DE 11] and Judge Ryskamp denied it. [DE 29.] Where, as here, "the plaintiff voluntarily serves an amended complaint," the amendment "will not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to the amendment." 5C C. Wright & A. Miller, FED. PRAC. & PROC.: CIV. 3d § 1388 (2016); *accord, e.g., Krinsk v. SunTrust Banks, Inc*., 654 F.3d 1194, 1202 (11th Cir. 2011); *Regions Bank v. Commonwealth Land Title Ins. Co*., No. 11-cv-23257, 2012 WL 5410948, at *3 (S.D. Fla. Nov. 6, 2012). The rule serves to "eliminate unnecessary delay at the pleading stage." 5C Wright & Miller, *supra*, § 1384. "The defendant cannot delay the filing of a responsive pleading by interposing these defenses and objections in piecemeal fashion, but must present them simultaneously." *Id*.

That Rule applies here. ADT's amended complaints did not add any new claims. Instead, they deleted the initial complaint's FDUTPA claim and a number of allegations to which defendants had objected. Each of the issues that defendants argue in DE 177 could have been argued in DE 11, their initial Rule 12 motion. In fact, defendants *did* move to dismiss the initial complaint on the *exact* same grounds that they reassert here: That the judgment in the parties' prior action, *see ADT LLC v. Alarm Protection Technology, LLC*, No. 9:12-cv-80898 ("prior action"), precludes later actions or claims based on defendants' offer of "upgrades" to ADT's customers. Defendants there argued that claim preclusion bars this action because this action and the prior action are both based on "offers of upgrades to ADT customers." [DE 11 at 10.] They argued, further, that claim preclusion bars this action because this action and the prior action both allege that defendants misled customers by "telling customers that they are going to provide upgrades." [DE 11 at 11.] *Defendants then extended this argument to issue preclusion*, and argued there that issue preclusion bars claims in this case based on "upgrade" sales pitches because the "identical" issue of customer confusion based on the "upgrade" sales pitch was litigated in the prior action. [DE 11 at 14-15.]

Judge Ryskamp correctly rejected each of these arguments when he denied defendants' first motion to dismiss. [DE 29 at 4-9.] Having already argued *and lost* this exact same issue preclusion argument in DE 11, defendants cannot reargue it again here because Rule 12(g) bars it, and also because (as shown below) it is the law of the case. Each of the motion's other arguments – to dismiss for lack of jurisdiction, and to strike ADT's requests for attorney fees and punitive damages – must also be rejected because they too violate Rule 12(g). ADT's initial complaint made the same jurisdictional allegations, and sought both forms of relief that defendants attack here, yet defendants' initial motion did not address them.

This renewed Rule 12 motion perfectly illustrates the policies that underlie Rule 12(g)(2). This case has been pending for over a year, and discovery closes next month, but defendants have avoided serving an answer by serving seriatim motions to dismiss in defiance of Rule 12(g) and the law of the case. The Court should deny the motion for this reason alone.

II. **Defendants' Issue Preclusion Argument Fails Because It Ignores The Law Of The Case, It Provides No Basis For Dismissal, And It Is Wrong On Its Merits.**

Defendants' effort to relitigate their issue preclusion argument as a basis for dismissing the complaint must be rejected for several additional reasons. The law of the case prohibits it. An issue preclusion argument cannot suffice to dismiss a complaint. The argument is wrong on its merits. For each reason, the Court should reject it.

A. **The Law Of The Case Bars Defendants' Issue Preclusion Argument.**

As just shown, defendants' motion reargues the exact same issue-preclusion arguments that defendants already presented in their first motion to dismiss, and that Judge Ryskamp rejected. [DE 29 at 9.] That ruling is law of the case. *See Musacchio v. United States*, 136 S. Ct. 709, 716 (2016) ("when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case"); *accord, e.g., Lebron v. Sec'y of Florida Dep't of Children & Families*, 772 F.3d 1352, 1360 (11th Cir. 2014) ("failure to honor its commands can only result in chaos"). Defendants offer no case or argument to suggest that

the ruling was clearly erroneous – instead, they simply ignore the heart of that ruling, and incorrectly assert in a footnote [DE 74 at 3 n.3] that the ruling left this question undecided.  The Court should deny the motion because it impermissibly seeks to reargue a matter already decided by the Court in this case.

### B. Issue Preclusion Cannot Here Support A Rule 12 Motion.

Defendants move under Rule 12(b)(6) to "dismiss Counts I and II as to the *issue* of whether or not statements by Defendants regarding upgrades are false, deceptive or misleading." [DE 177 at 15 (emphasis added).]  But Rule 12(b)(6) applies to *claims*, not *issues*.  "The purpose of a Rule 12(b)(6) motion is to test the facial sufficiency of the statement of claim for relief." *Trustees of Hotel Indus. Pension Fund v. Carol Mgmt. Corp*., 880 F. Supp. 1548, 1551 (S.D. Fla. 1995).  Nothing in Rule 12 provides for "dismissals" of particular allegations of a complaint, where the remaining allegations still state claims for relief.[1]  *See, e.g., United States v. Robinson*, No. 12-cv-20319, 2012 WL 3984786, *6 (S.D. Fla. Sept. 11, 2012) (denying motion to dismiss that sought to preclude issues that did not dispose of any underlying claim).  Defendants seek only the "dismissal" of certain allegations that pertain to some of their agents' "upgrade" sales pitches – not the dismissal of the *claims* that those allegations support.  Nor can they:  ADT rests its claims on over four hundred reported violations of the Lanham Act.  As the complaint alleges, many of these violations involve "upgrade" sales pitches, but many do not.  [DE 174 at 13-31, ¶¶ 40-91; *cf., e.g.,* DE 174 at 14, ¶ 41, *with id*. ¶ 42.]  Defendants' issue preclusion argument does not lie under Rule 12 because it cannot dispose of any *claim* that ADT has asserted.  *See Robinson*, 2012 WL 3984786 at *6.

It also does not lie because preclusion is an affirmative defense that may be asserted in a Rule 12 motion, if at all, *only* where its application is apparent from the face of the complaint itself.  *See Concordia v. Bendekovic*, 693 F.2d 1073, 1075-76 (11th Cir. 1982); *accord, e.g.,*

---

[1]  Judge Rosenberg has already denied defendants' prior motion to dismiss, which asserted this same argument, [DE 74 at 2] to the extent it sought to strike parts of the complaint.  [DE 87.] The Court must therefore disregard defendants' request "in the alternative" to strike the "upgrade" allegations, [DE 177 at 2] as contrary to the law of the case.  [DE 87.]

*Eisenberg v. City of Miami Beach*, 1 F. Supp. 3d 1327, 1338 (S.D. Fla. 2014); *Fye v. Broadspire Services, Inc.*, No. 07-cv-60903, 2007 WL 4557152, *2 (S.D. Fla. Dec. 20, 2007). To consider a preclusion defense on a Rule 12 motion, the Court must be able to review the relevant records of the prior action. *See Johnson v. Girl Scouts of the USA*, 596 Fed. Appx. 797, 798 (11th Cir. 2015). "As a general rule, a court in one case will not take judicial notice of its own records in another and distinct case even between the same parties, unless the prior proceedings are introduced into evidence." *Concordia*, 693 F.2d at 1076; *accord State Farm Mut. Auto. Ins. Co. v. B & A Diagnostic, Inc.*, 104 F. Supp. 3d 1366, 1374 (S.D. Fla. 2015) (quoting *Concordia*). Thus, defendants may not argue preclusion on a Rule 12 motion based on documents from an earlier lawsuit that are not appended to the complaint. *See Fye,* 2007 WL 4557152 at *2.

Here, of course, the trial record of the prior case is not in evidence in this action. Judge Ryskamp, who presided over the prior action, and who was intimately familiar with the trial record, expressly found in denying defendants' argument the first time around that "[i]ssue preclusion is inapplicable here because the issues presented in the two actions are not identical." [DE 29 at 9.] Because the record of the prior action is not in evidence here, and because the Court is constrained by the four corners of the complaint, defendants' issue preclusion defense cannot be granted on a Rule 12 motion. *See Concordia*, 693 F.2d at 1075; *Eisenberg*, 1 F. Supp. 3d at 1339, *following Steinberg v. Alpha Fifth Grp.*, No. 04-cv-60899, 2008 WL 906270 (S.D. Fla. Mar. 31, 2008) (Marra, J.); *Fye,* 2007 WL 4557152 at *2.

Defendants completely ignore the plain rule stated in *Concordia*, on which ADT rested its oppositions to defendants' prior motions. [DE 86 at 5-6; DE 108 at 1-2.] Instead, defendants ask the Court to take "judicial notice" *not* of a public record, but of numerous lengthy *cherry-picked* excerpts of the weeklong jury trial record in the prior action that defendants themselves say "total hundreds of pages." [DE 177 at 2 n.1.] Defendants rest their argument on *Haddad v. Dudek*, 784 F. Supp. 2d 1308 (M.D. Fla. 2011), which took notice of another court's *order* and then *only* for the "limited purpose of recognizing the 'judicial act' that the order represents." *Haddad*, 784 F. Supp. 2d at 1324. Defendants also cite *Stephens v. State Farm Fire & Cas. Co.*,

5

2004 WL 5546250 (N.D. Ga. June 23, 2014), but that decision did not consider *Concordia's* admonition not to base a Rule 12 preclusion argument on "records in another and distinct case." *Concordia*, 693 F.2d at 1076.  Instead, *Stephens* cites to another Eleventh Circuit decision, *Bryant v. Avado Brands Inc.*, 187 F.3d 1271 (11th Cir. l999), which approved judicial notice only of a *public* SEC filing.  *See Bryant*, 187 F.3d at 1279-80.  The Eleventh Circuit's decisions plainly, and properly, distinguish the public records of public agencies from the litigation files of prior lawsuits.  *See Bryant*, 187 F.3d at 1279-80 (distinguishing SEC records from "evidentiary material that is not appropriate at the 12(b)(6) stage"); *cf. Concordia, supra*.  *Stephens* missed this distinction in resting an estoppel on the record of a prior lawsuit on a motion to dismiss under Rule 12(b)(6).  Moreover, *no* case has *ever* suggested that it is appropriate to take judicial notice of hundreds of pages of biased excerpts from a complex jury trial record when deciding a Rule 12(b)(6) motion.  The Court should stay within the four corners of the complaint here.

### C. Issue Preclusion Does Not Apply On Its Merits.

On top of these several procedural infirmities, defendants' reliance on issue preclusion errs on its merits.  Settled Eleventh Circuit precedent bars defendants' issue preclusion defense on the facts defendants allege in their motion.

> The Eleventh Circuit has established three prerequisites for collateral estoppel to preclude a claim:  (1) the issue at stake must be identical to the one alleged in prior litigation; (2) the issue must have been actually litigated in the prior litigation; and (3) the determination of the issue must have been a critical and necessary part of the judgment in that litigation.  *Mike Smith Pontiac GMC, Inc. v. Mercedes–Benz of North America, Inc.*, 32 F.3d 528, 532 (11th Cir. 1994); *Greenblatt v. Drexel Burnham Lambert, Inc.* 763 F.2d 1352, 1360 (11th Cir. 1985).

*Jallali v. Duncan*, No. 10-cv-60189, 2010 WL 5418865, at *2 (S.D. Fla. Dec. 9, 2010) *aff'd*, 437 Fed. Appx. 862 (11th Cir. 2011).  In addition, "the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue." *Tampa Bay Water v. HDR Eng'g, Inc.*, 731 F.3d 1171, 1180 (11th Cir. 2013).  "The party seeking to invoke collateral

estoppel bears the burden of proving that the necessary elements have been satisfied." *Matter of McWhorter*, 887 F.2d 1564, 1566 (11th Cir. 1989).

Defendants cannot carry this burden with respect to any of these prerequisites. *First:* The various "upgrade" sales pitches alleged in ADT's Second Amended Complaint are not identical, in content or in context, to the sales pitches at issue in the prior action. The jury in the prior action heard from only five ADT customers about their reactions at their doorsteps to defendants' sales agents, who claimed to be from "APT." In this action, ADT has alleged exchanges at the doorsteps with hundreds of other ADT customers whose experiences all differ from those recounted by the five witnesses at the trial of the prior action. None of the hundreds of Lanham Act violations they reported was before the Court in the prior action. They all occurred after the close of discovery in the prior action. When ADT sought to include them in the prior action, the Court forbade it. [DE 29 at 7.] As the complaint demonstrates, [DE 174 at 13-31, ¶¶ 40-91] each customer has a unique experience to recount. Even where an upgrade pitch was used, the circumstances differ from customer to customer. Judge Ryskamp conclusively rejected the notion that these claims are identical, stating: "The claims asserted in this lawsuit could not have been litigated in ADT I because the Court denied the parties' motion to incorporate the 2014 claims into ADT I." [DE 29 at 8.] Further, Judge Ryskamp expressly found that defendants' issue preclusion arguments failed for the same reason: "Issue preclusion is inapplicable here because the issues presented in the two actions are not identical." [DE 29 at 9.] This is law of the case and defendants offer this Court no reason to disregard it.

*Second:* The Court may not preclude ADT from asserting that an "upgrade" sales pitch might mislead because the issue was not conclusively litigated in the prior action, and its disposition was not a "critical and necessary part of the judgment" in the prior action. The record of the prior action is not before the Court. But if it were, the Court would see that the jury in the prior action did not return special interrogatories on specific aspects of ADT's Lanham Act claims. The jury found *only* that, based on all of the circumstances presented to it, the five ADT customers the jury heard did not persuade them that they had been confused at the time

7

they signed APT contracts in light of the peculiarities of each's transaction, the "Clarification Questionnaires" that each had signed, or the "Welcome Calls" in which each had participated. [DE 29 at 2, 4.] The jury might simply have concluded, for example, that the "upgrade" pitch that each customer heard *was* confusing, but that the confusion was dispelled by later disclosures at the time of sale. Such a conclusion cannot logically be extrapolated to mean that the jury found the "upgrade" sales pitches not confusing.

      The question of whether upgrade pitches cause consumer confusion thus was a not a "critical and necessary part" of the jury's verdict in the prior action. The jury's verdict makes it impossible to determine the basis of the jury's decision, and that impossibility precludes defendants' ability to carry their burden to establish that this question was actually litigated to conclusion, and that it was a critical and necessary part of the judgment. The Eleventh Circuit has rejected the application of issue preclusion where, as here, it is not possible to determine from the record the basis of the earlier decision: "An application of collateral estoppel must be premised on a clear determination of the issues litigated" in the prior action. *French v. Jinright & Ryan, P.C., Architects*, 735 F.2d 433, 436 (11th Cir. 1984) (no preclusion where "the record is not sufficient to show" the basis of the prior decision). Nothing in the record of the prior action – which is not before the Court – suggests that the jury necessarily found "upgrade" sales pitches not to be confusing.

      *Third*: Issue preclusion cannot apply here with respect to the "upgrade" sales pitches at issue in *this* case because ADT did not have "a full and fair opportunity to litigate the issue" in the prior action. *Tampa Bay Water, supra*. ADT tried to litigate these claims in the prior action, *but this Court refused to allow it*. This Court thus rejected defendants' issue preclusion arguments in this action because it would be patently unfair to do so: "Furthermore, the Court's denial of the motion [in the prior action] to incorporate the 2014 claims into ADT I deprived ADT of *any* opportunity to litigate the merits of the 2014 claims, much less the 'full and fair opportunity' that issue preclusion requires." [DE 29 at 9 (emphasis by Judge Ryskamp).]

It is defendants' burden to prove their entitlement to an issue preclusion defense, *see McWhorter, supra*, but they have no record on which to ground it in this Rule 12 motion. The trial record of the prior action is not before the Court. If it were, the Court would readily conclude that the jury verdict cannot possibly bear the weight that defendants place upon it. Judge Ryskamp, who presided over the trial of the prior action, did not hesitate to reject this same argument that issue preclusion somehow inoculates defendants against all further claims based on an "upgrade" sales pitch when defendants argued it last year. [DE 29 at 9.] The Court must deny this motion, and the only question is whether it chooses to do so because it is wrong on the law, or because it ignores the law of the case, or because it violates Rule 12(g)(2), or because the record of the prior action is not before the Court.

**III.    In Personam Jurisdiction Lies With Respect To Each Moving Defendant.**

None of the original defendants, and none of the defendants added by the Third Amended Complaint, have contested the Court's jurisdiction over them. [DE 11; DE 74; DE 177.] These defendants include Adam Schanz, who owns and controls each of the other defendants; each of the national holding and operating companies that own and operate the Alder sales enterprise,[2] and seven of the state-level sales entities.[3] All of these defendants are properly before the Court. *See Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990) ("a party is deemed to have waived any objection to personal jurisdiction or service of process if the party makes a pre-answer motion under Rule 12 and fails to include such objections in that motion").

Only the six state-level sales entities added by the Second Amended Complaint[4] assert jurisdictional objections. [DE 177 at 9.] Their arguments disregard the facts ADT has pled, and

---

[2]  Alarm Protection LLC, Alarm Protection Management LLC, Alarm Protection Technology LLC, Alder Holdings LLC, Rhodesian Protection LLC, and Boerboel Protection LLC.

[3]  The state-level Alarm Protection entities that operate in Alabama, California, Florida, Georgia, Mississippi, Tennessee and Texas.

[4]  The state-level Alarm Protection entities that operate in Alaska, Arkansas, Kentucky, Ohio, Oklahoma, and South Carolina.

they offer no facts by affidavit to rebut ADT's plausible allegations, as the Eleventh Circuit requires to support a motion to dismiss on jurisdictional grounds. *See Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002); *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 (11th Cir. 1999). Absent contradictory proof, the Court must accept as true the facts ADT alleged in its complaint, and must draw all reasonable inferences from those allegations in ADT's favor. *See Abramson v. Walt Disney Co.*, 132 Fed. Appx. 273, 275 (11th Cir. 2005).

ADT has alleged the following *specific* facts, which ADT learned through the course of the prior litigation and in discovery in this case, which must be accepted as true and unrebutted on this motion:

- Adam Schanz created each of the Alarm Protection companies and then transferred his interest in each of them to Alarm Protection Holdings without consideration. [DE 72 at 5, ¶ 15.]

- Mr. Schanz, as owner (through Alarm Protection Holdings) and manager of each of the Alarm Protection companies, exercises complete control over each. [DE 72 at 5, ¶ 16.]

- Mr. Schanz operates all of the Alarm Protection companies as a single enterprise. For example, all cash is run through Alarm Protection LLC bank accounts; all credit facilities are opened through Alarm Protection LLC; all sales commissions are paid by Alarm Protection LLC; all of the enterprise's vendor contracts are written through Alarm Protection LLC; sales agents are shuffled from entity to entity without regard to the company with which they in theory have an employment relationship. [DE 174 at 7-8, ¶ 21.]

- Because all cash runs through Alarm Protection LLC, the Alarm Protection state-level operating companies are inadequately capitalized. [DE 174 at 10, ¶ 30.]

- Each state-level Alarm Protection entity has no employees or physical offices. Each relies on Alarm Protection LLC for its operations and support – payroll, accounting, tax, marketing, customer support, compliance, and every other function a business entity requires to operate. [DE 174 at 10, ¶ 29.]

- As a result, each state-level entity is absent from its state of supposed operations, except when it is actively fielding sales agents. Apart from door-to-door sales, all business is transacted at Alarm Protection LLC's headquarters in Utah. [DE 174 at 7-8, ¶ 31.]

- The state-level Alarm Protection operating entities have no purpose, and no business activity, other than to acquire customers for Alarm Protection LLC. [DE 72 at 8, ¶ 22; *id.* at 10, ¶ 29.]

- Mr. Schanz moves the various entities' supposed assets, employees and functions from entity to entity without consideration to the entities involved. [DE 174 at 7-9, ¶¶ 17, 18, 21, 24-27.]

- Mr. Schanz has created, for a small alarm company, a Byzantine corporate structure consisting of dozens of companies, including the nineteen named as defendants in this case, most of which lack corporate records, and none of which appears to have any clear purpose, role, or existence as a substantial operating company. [DE 174 at 7-9, ¶ 21-27.]

- Mr. Schanz has created and employed this Byzantine structure to avoid obli-gations to creditors of the enterprise. [DE 174 at 7, ¶ 21; *id.* at 10-11, ¶ 31-32.]

- Mr. Schanz moved the employees, operations, and income of the six defendants who now contest jurisdiction to Alder Holdings, [DE 174 at 9, ¶¶ 25-27; *id.* at 10, ¶ 30] which has not contested this Court's jurisdiction over it, [DE 177] and Alder has since operated the alarm sales business in those states using the six objecting defendants' assets, income and employees, [DE 174 at 9, ¶ 25] supported now by Alder's training, payroll, accounting, marketing, customer relations and other operating functions. [DE 174 at 9, ¶¶ 26-27; *id.* at 10, ¶ 29.]

These allegations are not, as defendants argue, [DE 177 at 12] mere conclusory recitations of the elements required to prove alter ego liability. Instead, they are particularized allegations of the concrete facts that, accepted as true for the purposes of this motion, establish that the defendants' corporate distinctions are meaningless; that Mr. Schanz operates the Alarm Protection companies as a single enterprise, in disregard of corporate distinctions; that each entity exists as Mr. Schanz's agent and alter ego; and that Mr. Schanz created this confusing structure of undercapitalized paper entities to avoid creditors.

### A.   Defendants offer no proof to rebut ADT's allegations.

Defendants' jurisdictional challenge fails from the outset for failure of proof. As just shown, ADT has pled specific facts to support its allegations of agency and alter ego liability – that the moving defendants exist only on paper, that Mr. Schanz dominates and controls them,

11

that they have no independent existence, that they are not capitalized, and that Mr. Schanz created them to confuse and avoid judgment creditors. These particularized allegations state each of the elements that defendants themselves identify [DE 177 at 12] for asserting alter ego liability under Florida law.

Defendants made this same jurisdictional attack in August. [DE 98 at 10.] ADT then noted [DE 108 at 3] that defendants had failed to offer affidavits to rebut ADT's allegations, as required in a Rule 12(b)(2) motion. *See Abramson,* 132 Fed. Appx. at 275. The failure to meet jurisdictional allegations with affidavits fails the defendants' burden on a Rule 12(b)(2) motion:

> A plaintiff seeking to obtain jurisdiction over a nonresident defendant initially need only allege sufficient facts to make out a prima facie case of jurisdiction. *See Electro Eng'g Prods. Co. v. Lewis*, 352 So. 2d 862, 864 (Fla. 1977). The plaintiff bears the burden of proving "by affidavit the basis upon which jurisdiction may be obtained" only if the defendant challenging jurisdiction files "affidavits in support of his position." *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989).

*Posner*, 178 F.3d at 1214. Nonetheless, defendants again ignore this basic requirement and again fail to offer any rebutting proof by affidavit as the law requires. That failure is fatal to defendants' jurisdictional challenge.

Although ADT need not come forward with any proof in the absence of rebutting affidavits, *see Posner, supra*; *Abramson, supra*, ADT notes that discovery in this case confirms its allegations. For example, defendants have not produced any financial books or accounting records of any sort for the six moving defendants in response to ADT's discovery requests. For two – AP Alaska and AP Arkansas – defendants produced only monthly bank statements for checking accounts opened in 2012 in each's name. (Exhibit 1 (AP Alaska); Exhibit 2 (AP Arkansas).) The statements show **[REDACTED]**. The statements show **[REDACTED]**.[5] For the other four moving entities, defendants did not produce even monthly bank account

---

[5] Defendants designated these ordinary checking account statements, which show no activity, as "Attorneys Eyes Only." Defendants refuse to remove the AEO designation, and refuse to allow ADT to summarize their contents in this brief, (Exhibit 3) so ADT is asking the Court for leave to file the brief and exhibits under seal.

statements. And in response to ADT's requests for documents showing the capitalization of each entity, defendants produced only the initial bank account statement for AP Alaska (Exhibit 4) and AP Arkansas (Exhibit 5) showing **[REDACTED]**; no other documents for either; and no documents whatsoever for the other four moving defendants. These records conclusively establish that two of the moving entities were inadequately capitalized at their inception with **[REDACTED]** and that the other four moving defendants were not capitalized at all. These records also confirm that the six moving defendants had no economic substance **[REDACTED]** from the time the accounts were opened in 2012 until **[REDACTED]** September 2016.

Defendants, in a footnote, ask the Court for permission to provide rebutting evidence if the Court credits ADT's allegations. [DE 177 at 11 n.3.] That request makes no sense. *Posner* places the burden on defendants to rebut ADT's allegations with affidavits *in their motion* but defendants completely shirked it. Defendants possess all the facts regarding their own operation and have no need of discovery to rebut ADT's allegations. Because defendants have *twice now* failed to offer the rebutting evidence required to support their motion, the Court must credit ADT's allegations and deny the defendants' jurisdictional challenge for this reason alone.

### B.  Collateral Estoppel Binds The Newly-Added Defendants

This result, moreover, is mandated by collateral estoppel. As defendants themselves argue, [DE 177 at 3] collateral estoppel bars the relitigation of an issue that is identical to one actually litigated in a prior action, where the issue decided was a necessary part of the first action, and the party or its privy had a full and fair opportunity to litigate it. *See Tampa Bay Water v. HDR Engineering, Inc.*, 731 F.3d 1171, 1180 (11th Cir. 2013). Each element is present here. When ADT first added Adam Schanz and Alarm Protection LLC[6] as defendants to the

---

[6]  Defendants briefly referred to Alarm Protection LLC in the prior action as "Alarm Protection Utah," as part of a ruse that claimed that Alarm Protection LLC was only a local sales company that sold only 100 alarm accounts in the State of Utah instead of the nationwide enterprise that it was there proven to be. See *ADT LLC v. Alarm Protection Technology Florida LLC*, No. 9:12-cv-80898, DE 221 (Statement of Undisputed Material Facts) at 3-5, ¶¶ 20-35, for a concise summary of the proof adduced in the prior action relating to these facts.

prior action, both vigorously asserted these exact same jurisdictional objections, in places verbatim. [DE 70-2 at 9-13.] The Court there rejected these objections and found jurisdiction over both by crediting the exact same agency and alter ego theories of jurisdiction that ADT again offers in greater detail here. [DE 70-3 at 8-10.]

The Court's rejection of defendants' jurisdictional objections in the prior action was obviously essential to the prior action because it empowered the Court to adjudicate the claims and defenses that the parties tried to the jury last year. Defendants had a full and fair opportunity to litigate the Court's jurisdiction in the prior action: They presented extensive argument to the Court on jurisdiction; the Court rejected the argument in a reasoned opinion; defendants chose not to pursue an interlocutory appeal; instead, they acquiesced in the Court's jurisdiction and prevailed before the jury.

Nor is there any question but that Mr. Schanz and Alarm Protection LLC fairly represented the interests of the moving defendants as their privies in the prior action. As defendants have already argued to this Court, [DE 11 at 5; *id*. at 13] corporate entities with common ownership and control are properly bound as privies of a party to the decision. *See Griswold v. County of Hillsborough*, 598 F.3d 1289, 1292 (11th Cir. 2010), *citing Taylor v. Sturgell*, 553 U.S. 880, 893-95 (2008). The moving defendants, though not parties to the prior action, are nonetheless bound by the Court's prior ruling because Mr. Schanz controls each as each's manager, and because Mr. Schanz ultimately owns each. [DE 174 at 8, ¶¶ 23-24.]

Each element of an estoppel is indisputably present here. Defendants should be estopped from relitigating the Court's power to adjudicate the claims against them.

### C. Basic Agency And Alter Ego Rules Support A Finding Of Jurisdiction On These Facts.

Finally, ADT's unrebutted allegations on their merits establish the Court's jurisdiction over the moving defendants. The moving defendants are not independent companies. Instead, as ADT has pled at length, they are paper devices without economic substance, created by Adam Schanz to insulate him from liability for his enterprise's abusive sales tactics. In this case, ADT

14

has properly pleaded grounds for treating them as alter egos of Mr. Schanz and to hold them in the case as his agencies. First, ADT alleged that Mr. Schanz organized each of the moving defendants from the outset for the improper purpose of avoiding judgment creditors. Second, ADT alleged that the moving defendants are not capitalized, because all customer receipts were deposited into Alarm Protection, and now Alder Holdings, bank accounts. Third, ADT alleged that these defendants existed solely to funnel sales to Alarm Protection and Mr. Schanz, that Mr. Schanz exerts complete control over them, and that they do not control their own assets or staff. Defendants offer no proof to contradict these allegations. Defendants' own argument lists these as the elements that ADT must show to establish alter ego liability under Florida law, [DE 177 at 12, citing *Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So. 2d 1114 (Fla. 1984)] and ADT's complaint plausibly alleges each with particularity.

Moreover, the rules of agency require a finding of jurisdiction here. The Eleventh Circuit has found that a nonresident may be amenable to personal jurisdiction where it is so controlled by a party subject to the Court's jurisdiction that it must be considered an agent of that party. *See Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 628-29 (11th Cir. 1996). Agency for jurisdictional purposes will be found where the agent entity is found not to exercise "meaningful control" over its own business activities. *Id*. Such an agency will be found for jurisdictional purposes where the entity performed no services on behalf of unrelated companies, but instead existed solely to profit the controlling entity, functioning "solely to achieve the purpose of the dominant corporation." *Meier*, 288 F.3d at 1273, *quoting State v. Am. Tobacco Co.*, 707 So. 2d 851, 855 (Fla. 4th DCA 1998). That is clearly true here.

Alder Holdings, Alarm Protection LLC and Mr. Schanz, each concededly subject to the Court's jurisdiction, control each of the moving defendants. The Court may therefore extend its jurisdiction over the moving defendants under agency and alter ego principles. As the Fifth Circuit has stated,

> federal courts have consistently acknowledged that it is compatible with due process for a court to exercise personal jurisdiction over an individual or a

> corporation that would not ordinarily be subject to personal jurisdiction in that court when the individual or corporation is an alter ego or successor of a corporation that would be subject to personal jurisdiction in that court.

*Patin v. Thoroughbred Power Boats Inc.*, 294 F.3d 640, 653 (5th Cir. 2002); *see id.* at 653 n.18 (collecting cases). *Accord, e.g., Mother Doe I v. Al Maktoum*, 632 F. Supp. 2d 1130, 1140 (S.D. Fla. 2007) ("nonresident shareholder of a corporation doing business in Florida may be subject to long-arm jurisdiction under an alter ego theory"). ADT's allegations, unrebutted by affidavits, thus establish jurisdiction over the moving defendants on agency and alter ego grounds.

### IV.  Defendants' Attacks on ADT's Damages Err On Procedure And On Their Merits.

Defendants next err by attacking [DE 177 at 13-15] ADT's claims for punitive damages. First:  The motion is more than a year too late. Defendants could have argued this point in their initial Rule 12 motion, [DE 11] served in March 2015, because ADT's initial complaint prayed for an award of punitive damages on its common-law unfair competition claim. [DE 1 at 32.] Defendants lost that motion. [DE 29.] Defendants chose not to challenge the punitive damage prayer in that motion. As shown in Part I above, Rule 12(g)(2) bars defendants from challenging the punitive damages prayer now in this belated Rule 12 motion at the close of discovery.

Second:  The law of the case precludes defendants from relitigating this challenge, which defendants already asserted in their third motion to dismiss. [DE 74 at 8-10.] As shown in Part II.B above, a Rule 12(b)(6) motion lies to challenge only claims*, see Carol Mgmt.*, 880 F. Supp. at 1551 – not issues, and not prayers for relief. In their first challenge, defendants moved either to dismiss the prayer, or else to strike it. [DE 74 at 8-10.] The Court already denied defendants' motion to strike the prayer [DE 87] and the motion to dismiss it does not lie. The Court should enforce DE 87 here, and bar the relitigation of the punitive damages prayer as law of the case.

Third:  The challenge fails on its merits. Defendants argue, in brief, that Rule 9(g) requires that any "item of special damage" be "specifically stated," and that Fla. Stat. § 768.72 requires punitive damages to be specifically stated. [DE 177 at 8-10.] This argument misconstrues both the reach of the Florida statute as well as the proper application of Rule 9(g).

16

The Eleventh Circuit has expressly rejected the application of Fla. Stat. § 768.72 to the pleading of state-law claims in the Federal courts because the statute conflicts with Rule 8's pleading requirements. *See Cohen v. Office Depot, Inc.*, 184 F.3d 1292, 1299 (11th Cir. 1999), *vacated in part on other grounds*, 204 F.3d 1069 (11th Cir. 2000). This Court follows *Cohen*. *See, e.g., Gottwald v. Producers Group I, LLC*, 2013 WL 1776154, *2-3 (S.D. Fla. Apr. 25, 2013); *see generally Ward v. Estaleiro Itajai S/A*, 541 F. Supp. 2d 1344 (S.D. Fla. 2008) (examining at length the inapplicability of § 768.72 to Federal pleading and discovery practice). Section 768.72 has no bearing on the pleading standards in this Court for the purposes of Rules 8 or 9.

Moreover, the argument misconstrues Rule 9(g). No Eleventh Circuit decision has found that punitive damages are "special damages" for the purposes of the rule. Defendants rest their argument on a Kansas decision [DE 177 at 13, citing *Capital Solutions, LLC v. Konica Minolta Business Solutions USA, Inc.*, 2009 WL 1635894 (D. Kan. 2008)] that states a minority position. "Generally, punitive damages are not considered to be special damages" because they are "completely distinct from compensatory (that is, general and special) damages." 5A C. Wright & A. Miller, FED. PRAC. & PROC.: CIV. 3d § 1311 n.18 (2016). This Court's decisions are in accord. "Special damages consist of items of loss which are peculiar to the party against whom the breach was committed and would not be expected to occur regularly to others in similar circumstances." *Democratic Rep. of Congo v. Air Capital Grp., LLC*, No. 12-cv-20607, 2013 WL 2318904, *2 (S.D. Fla. May 28, 2013) (internal quotation marks omitted). Special damages are a species "of actual, or compensatory damages," that are "the foreseeable and normal consequences of the alleged wrongful conduct." *Id*. Special damages "must be the loss of money, or some other material temporal advantage capable of being assessed in monetary value." *McGowan v. Homeward Residential, Inc.*, 500 Fed. Appx. 882, 886 (11th Cir. 2012).

These definitions exclude punitive damages. Punitive damages are not actual or compensatory damages. They are not measurable losses to which one may assign a monetary value. They do not flow from some idiosyncratic loss "peculiar to the party against whom the breach was committed." *Democratic Rep. of Congo, supra*. Instead, they are penalties imposed

to redress willful misconduct, that flow from the social goals of deterring bad behavior. Thus, in a case that pled punitive damages, this Court excluded the punitive damages demand from its discussion of special damages pled in the case. *See Landsman v. City of Vero Beach*, No. 13-cv-14375, 2015 WL 10960951, *2 - *3 (S.D. Fla. Oct. 21, 2015). *Landsman's* exclusion of punitive damages from its analysis of Rule 9(g)'s treatment of special damages best applies the definitions of "special damages" to prayers for punitive damages. Any different result would indirectly apply Fla. Stat. § 768.27's pleading requirements in Federal cases, contrary to *Cohen*.

Finally, when Rule 9(g) does apply, it requires no more than "a specific statement that allows defendants to prepare a responsive pleading and begin their defense," that can be set forth in a single paragraph. *Brennan v. City of Minneola*, 723 F. Supp. 1442, 1444 (M.D. Fla. 1989). ADT has amply pled with particularity facts to support its prayer for punitive damages. Punitive damages lie where the defendant has acted willfully with gross disregard of the plaintiff's rights. *See Clark v. Beville*, 730 F.2d 739, 741 (11th Cir. 1984). ADT has pled numerous concrete facts that support such an inference, [DE 174 at 13-31, ¶¶ 40-91] as well as conclusions of willful misconduct in disregard of ADT's rights. For example: "At all times material to this action, defendants and their sales agents have tailored their sales pitches to confuse ADT's customers." [DE 174 at 31, ¶ 93.] Again: "Defendants, through their respective sales agents, made these false representations to ADT's customers with the intent of deceiving ADT's customers as to a relationship or affiliation with ADT that does not exist." [DE 174 at 33, ¶ 99.] And ADT, as shown in Part III above, has amply pled that the defendants are all alter egos of Adam Schanz, sufficiently identifying each to willful torts of defendants' sales agents in this case.

The law affords ADT a clear right to seek punitive damages under its unfair competition claim. "Defendants' violation of the Florida common law of unfair competition entitles plaintiff to an award of punitive damages." *United Feature Syndicate, Inc. v. Sunrise Mold Co.*, 569 F. Supp. 1475, 1481 (S.D. Fla. 1983), *citing Miami Beach Lerner Shops, Inc. v. Walco Mfg. of Florida, Inc.*, 106 So.2d 233, 236 (Fla. 3d DCA 1958); *see, e.g., St. Luke's Cataract & Laser Inst., P.A. v. Sanderson*, 573 F.3d 1186, 1200 (11th Cir. 2009) (noting award of punitive

damages on Florida unfair competition claim).  ADT has pled ample facts to support its prayer.  The Court should deny the motion on its merits.

**V.     The Court Has Already Denied Defendants'
         Attacks on ADT's Request For Attorney Fees.**

Finally, defendants ask the Court to "dismiss" ADT's prayer for attorney fees on its common-law claim.  As shown above, a Rule 12(b)(6) motion addresses claims, not issues, and not prayers for relief.  Defendants already moved to strike the attorney fee request in DE 74.  Judge Rosenberg denied it.  [DE 87.]  The Court's denial is law of the case, and defendants should not be allowed to relitigate it here.

## CONCLUSION

The motion should be denied.

Dated:  December 21, 2016                    Respectfully submitted,

                                             s/C. Sanders McNew
                                             _____
                                             C. Sanders McNew
                                             mcnew@mcnew.net
                                             Florida Bar No. 0090561
                                             McNEW P.A.
                                             2385 NW Executive Center Drive, Suite 100
                                             Boca Raton, Florida  33431
                                             Tel:  (561) 299-0257

                                             Richard G. Sander (*pro hac vice*)
                                             rsander@shb.com
                                             Kali R. Backer (*pro hac vice*)
                                             kbacker@shb.com
                                             Eric J. Hobbs (*pro hac vice*)
                                             ehobbs@shb.com
                                             SHOOK, HARDY & BACON LLP
                                             1660 17th Street, Suite 450
                                             Denver, Colorado  80202
                                             Tel:  (303) 285-5300

                                             *Counsel for the Plaintiffs, ADT LLC
                                               -and- ADT US Holdings, Inc.*

**CERTIFICATE OF SERVICE**

   I hereby certify that on this 21st day of December, 2016, I caused a true and correct copy of the foregoing Opposition to be served by email and also by CM/ECF on all parties listed to receive electronic service for this case, as listed below:

**CM/ECF Participants**

  Michael Marcil, Esq.
  Jennifer Nicole, Esq.

          s/ C. Sanders McNew
         _____
          C. Sanders McNew