UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

NO. 9:15-CV-80073-Rosenberg/Hopkins

ADT, LLC and ADT US HOLDINGS, INC.,

      Plaintiffs,

v.

ALARM PROTECTION LLC, *et al*.,

      Defendants.

_____/

## <u>RESPONSE IN OPPOSITION TO MOTION FOR RELIEF</u>

Defendants respond to Plaintiffs' Motion for Relief [DE-198] as follows:

1.      This case was filed here in Florida two years ago, in January 2015, when ADT filed a Complaint that attached 32 declarations from out-of-state current or former ADT customers.  (DE-1 at 43-72).  Knowing their testimony would have to be preserved for trial in Florida, ADT waited until December 2016, during the last four weeks of discovery to take depositions.  ADT has not shown good cause to modify the scheduling order, and, with a deadline of January 30, 2017, for filing of summary judgment motions, motions in line and *Daubert* motions, there is insufficient time to prepare the motions while taking further discovery.

2.      ADT offers no reason why it failed to take customer depositions during the first 23 months of this lawsuit,[1] but waited until the last month, knowing that the remaining time period included expert disclosure deadlines and the holidays.  ADT referenced its plan to take customer depositions at the September 27, 2016 Scheduling Conference, and obtained a seven week extension of discovery. (DE 128 and 134)  Yet, ADT took no customer depositions for the next two months.  Instead, ADT disclosed 40 customers that it *might* depose on November 4, 2016 (Ex. 1), but did not request deposition dates for customers for weeks thereafter.

3.      When ADT did finally request deposition dates at the end of November 2016, Defendants made themselves available for the vast majority of business days prior to the discovery cut-off, including dates that ADT did not use, such as December 29, January 3 and

---

[1] This case was stayed for seven months, but 16 months of litigation occurred before now.

January 4.  *See* Emails (Ex. 2, 3).  Defendants' lead trial counsel appeared for eight customer depositions in Waco, Houston and Corpus Christi, Texas, Birmingham, Alabama, and Thomasville, Georgia, during the holiday season, including multiple depositions per day and depositions before and after the close of business.  Defendants have offered additional dates of January 10, 11, 12, 13 and 16 for customer depositions, but ADT has only asked Defendants to reserve January 10 and 12. *Id.*

4.     Defendants did not agree to appear by videotape at the customer depositions because these were trial depositions (*none* of the witnesses chosen by ADT were located in Florida) and lead trial counsel needed to attend in order to cross-examine the witnesses with documents subpoenaed from the witnesses.  *See e.g., Cressler v. Neuenschwander*, 170 F.R.D. 20, 21-22 (D. Kan. 1996) (citing right to utilize documents at a deposition as reason to allow counsel to appear live at depositions); *Webb v. Green Tree Servicing LLC*, 283 F.R.D. 276 280 (D. Md. 2012) (noting the ineffectiveness of examining witnesses with documents by remote means in denying request to require opposing counsel to appear by telephone).

5.     Although ADT now complains that it needs more than 20 depositions, ADT waited until four weeks before the discovery deadline to start taking customer depositions, making this last-minute request prejudicial.  ADT has already been permitted, by agreement, to double the number of depositions the Federal Rules allow.  That is sufficient at this very late stage of discovery.  Had ADT begun discovery earlier, the conversation may have been different.

6.     The court's discovery deadline applies to *all* depositions, regardless of whether they may ultimately be used at trial.  ADT's artificial distinction between discovery depositions and *de bene esse* depositions has no support in the Federal Rules of Civil Procedure. In *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1362 n.8 (11th Cir. 2002), the Eleventh Circuit affirmed the District Court's denial of further time for *de bene ese* depositions beyond the discovery deadline, holding that "[t]he district court's identical treatment (for timing purposes) of discovery and *de bene esse* depositions is consistent with the language of the Federal Rules of Civil Procedure, which draw no distinction between the two. . . . For a court to treat discovery deadlines as applying to all depositions is not an uncommon or inherently unreasonable kind of shorthand to say "be done with deposition taking by 'X' date.'"  Therefore, "[p]arties who make the tactical decision not to preserve deposition testimony during the discovery phase take the risk that the testimony will not be presented if the witness is unable or unwilling to appear at trial."

*Smith v. Royal Caribbean Cruises, Ltd.,* 302 F.R.D. 688, 692 (S.D. Fla. 2014).[2]  ADT has been aware of that risk since January 2015, but took no action to preserve testimony for 23 months.

7.      ADT also fails to show "good cause in compelling circumstances" as required by Fed. R. Civ. P. 43(a) to permit out-of-state ADT customers to appear by video-feed at trial.  Rule 43(a) provides that the contemporaneous transmission of testimony from a different location is not typically permitted because of "the importance of presenting live testimony in court cannot be forgotten.  The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling.  The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition."  1996 Adv. Comm. Note.  "[A] party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances," and "transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial."  *Id.*  This approach must be disclosed "as soon as the reasons are known, to enable other parties to arrange a deposition, or to secure an advance ruling on transmission so as to know whether to prepare to be present with the witness while testifying."  Id.

8.      ADT elected only to disclose customers for potential deposition that did not live in Florida.  ADT waited *years* to take depositions of the customer witnesses identified in the Complaint. When ADT disclosed 40 potential customer witnesses on November 4, 2016, it did not indicate that it intended to request that any be presented at trial by video-feed.  Accordingly, ADT has not acted with diligence necessary to invoke Rule 43(a).  A similar request was denied in *In re Neves*, 2014 WL 7012674 (S.D. Fla. Bkrtcy. Dec. 11, 2014) "because the Plaintiffs made tactical decisions which, viewed in the best light, created a situation that could have been avoided. In other words, the Plaintiffs were faced with a crisis of their own making."  Allowing remote transmission of trial testimony at this late date will prejudice Defendants because (a) Defendants would have first deposed customers ADT now seeks to call remotely at trial (see 1996 Advisory Committee Notes to Rule 43), and (b) depositions presumably will be taken after the January 30, 2017, deadline for motions for summary judgment and motions in limine.[3]

---

[2]*See also Rhodes v. Lazy Flamingo 2, Inc.*, 2016 WL 4992418 (M.D. Fla. Sept. 19, 2016); *Francis v. U.S. Airways*, 2015 WL 11711831 (S.D. Fla. Dec. 16, 2015).

[3] As to the Rule 30(b)(6) deposition of Defendants, Defendants merely pointed out that ADT had not specified a particular company for the deposition. Defendants have not refused any proposal.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on the 3rd day of January, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to:  C. Sanders McNew, Esq., 2385 NW Executive Center Drive, Suite 100, Boca Raton, FL 33431 (mcnew@mcnew.net), Richard Sander, Esq. (RSANDER@shb.com), Kali R. Backer, Esq. (KBACKER@shb.com); Eric J. Hobbs, Esq. (EHOBBS@shb.com); Daniel E. Rohner (DROHNER@shb.com); and S. Kirk Ingebretsen (kingebretsen@shb.com) SHOOK, HARDY & BACON, 1660 17th Street, Suite 450, Denver, Colorado 80202-1254.

GUNSTER, YOAKLEY & STEWART, P.A.
*Attorneys for Defendants*
450 East Las Olas Boulevard, Suite 1400
Fort Lauderdale, FL  33301
Telephone:    954-462-2000
Facsimile:     954-523-1722

By: /s/ Michael W. Marcil
            Michael W. Marcil, Esq.
            Florida Bar No.: 091723
            mmarcil@gunster.com
            Jennifer Nicole, Esq.
            Florida Bar No.: 00114578
            jnicole@gunster.com

4