UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

No. 9:15-cv-80073-Rosenberg/Hopkins

ADT LLC and ADT US HOLDINGS, INC.,

    Plaintiffs,

       v.

ALARM PROTECTION LLC, *et al.*,

    Defendants.
_____/

## ADT'S OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER REGARDING THIRD-PARTY SUBPOENA

Defendants move the Court for a protective order barring a nonparty witness from complying with a subpoena ADT issued to retrieve discovery produced in an Alaska case that also alleges defendants' use of the same kinds of abusive sales practices for which ADT seeks recovery in this action. The witness is ready to comply. In opposition, ADT states:

1. The Court should consider this motion and opposition in the context of ADT's motion to compel defendants' compliance with ADT's discovery requests. [DE 203.] As explained at length there, ADT served the subpoena at issue in this motion only after defendants refused to produce records they know about, and possess, relating to defendants' training practices, that they did not disclose to ADT in this action. ADT recently discovered that numerous such undisclosed records reside in the Alaska case files, but are under seal and unavailable through PACER.

2. The plaintiff and its counsel in the Alaska action have not objected to the subpoena and they are willing to comply with it. They do not join defendants' motion.

3.  Defendants' motion should be denied for a number of reasons.  *First:*  This Court has already denied [DE 105] defendants' earlier motion for a protective order [DE 92] to stop another third-party witness (the Better Business Bureau) from complying with a Rule 45 subpoena on grounds that defendants lacked grounds to quash it.  "In the Eleventh Circuit, the general rule is that a party lacks standing to challenge subpoenas served on another, unless that party alleges a 'personal right or privilege with respect to the materials subpoenaed.'"  *Armor Screen Corp. v. Storm Catcher, Inc.*, No. 07-cv-81091, 2008 WL 5049277, at *2 (S.D. Fla. Nov. 25, 2008), *quoting Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979).  "Further, a party lacks standing to challenge subpoenas served on another on grounds of oppression and undue burden placed upon the third parties where the non-parties have not objected on those grounds."  *Id*.  The nonparty here is ready to comply with the subpoena.  There is no reason to reach a different result here.

4.  *Second:*  The Alaska records are believed to show that defendant Adam Schanz trains defendants' sales agents to use abusive sales tactics with customers.  Those records are plainly relevant to ADT's case and to ADT's right to recover attorney fees and punitive damages.  Defendants' efforts to explain them away as irrelevant ignore the obvious.  It does not matter, as defendants argue, that the Alaska lawsuit alleges misconduct directed at companies other than ADT.  As ADT showed with the BBB subpoena, [DE 97 at 1-2] the records are relevant because they establish defendants' misconduct in the market generally.  The rules permit inquiry into "other incidents of the same type," *see* 2000 Advisory Committee note to Rule 26, and the Committee's note to the 2015 amendments confirms that "such discovery is not foreclosed by the [2015] amendments."  COMMITTEE NOTES ON RULES – 2015 AMENDMENT TO RULE 26.  These

uses are plainly relevant to ADT's claims. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

5. *Third:* The Court should disregard defendants' arguments [DE 200 at 3-4 & n.3] that the production unfairly burdens the Alaska plaintiff, and implicates that plaintiff's interests in a protective order entered in the Alaska case. *See Armor Screen, supra.* The Alaska plaintiff has not objected to the subpoena, and is ready to produce all responsive documents in its possession and control. Defendants have failed to show any burden that *defendants* will bear by any defects of overbreadth in ADT's subpoena, nor can they.

6. *Fourth:* The Court should also disregard defendants' argument [DE 200 at 4] that the Alaska protective order bars the production absent a court order. The subpoena is process commanding the production. This Court may also order their disclosure. Defendants cannot hide behind their own stipulation. While the Court might rightly pause before ordering compliance with the subpoena where the confidentiality interests *of the nonparty witness* might be implicated, no such concern exists here.

7. If the records that respond to ADT's subpoena were as irrelevant as defendants argue, then surely defendants would not waste their time trying to block the subpoena. Defendants have hidden probative audio and video recordings from ADT in discovery in this case. They should not be allowed to interfere with ADT's fair efforts to obtain the undisclosed materials where ADT may obtain at least some of them through a nonparty subpoena.

## CONCLUSION

The motion should be denied.

Dated:  January 4, 2017

Respectfully submitted,

s/C. Sanders McNew
_____
C. Sanders McNew
mcnew@mcnew.net
Florida Bar No. 0090561
McNEW P.A.
2385 NW Executive Center Drive, Suite 100
Boca Raton, Florida  33431
Tel:  (561) 299-0257
Fax: (561) 299-3705

-and-

Richard G. Sander (*pro hace vice*)
rsander@shb.com
Kali R. Backer (*pro hace vice*)
kbacker@shb.com
Eric J. Hobbs (*pro hace vice*)
ehobbs@shb.com
SHOOK, HARDY & BACON LLP
1660 17th Street, Suite 450
Denver, Colorado  80202
Tel:  (303) 285-5300

*Counsel for the Plaintiffs, ADT LLC
-and- ADT US Holdings, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this fourth day of January, 2017, I caused a true and correct copy of the foregoing Opposition to be served by CM/ECF on all parties listed to receive electronic service for this case, as listed below:

**CM/ECF Participants**

Michael Marcil, Esq.
Jennifer Nicole, Esq.
J. Ryan Mitchell, Esq.

s/ C. Sanders McNew
_____
C. Sanders McNew