UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

NO. 9:15-CV-80073-Rosenberg/Hopkins

ADT, LLC and ADT US HOLDINGS, INC.,

     Plaintiffs,

v.

ALARM PROTECTION LLC, *et al*.,

     Defendants.

_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSE TO PLAINTIFFS' THIRD AMENDED COMPLAINT

Defendants, by their undersigned counsel, file their Answer and Affirmative Defenses to Plaintiffs ADT, LLC's and ADT US HOLDINGS, INC.'s ("ADT") Third Amended Complaint and state:

## ANSWER

1. Defendants admit that certain Defendants compete, or have competed, directly or indirectly, with ADT.  Defendants admit that some of Defendants sell residential alarm systems door to door. Defendants admit that sometimes those Defendants sell alarm systems to ADT customers. Defendants admit that their customers typically sign a five year contract.  Defendants deny all remaining allegations of Paragraph 1 and demand strict proof thereof.

2. Defendants have no knowledge of the allegations of Paragraph 2 and demand strict proof thereof.

3. Defendants have no knowledge of the allegations of Paragraph 3 and demand strict proof thereof.

1

4.  In response to Paragraph 4, Defendants admit that AP Florida, AP Alabama, AP Alaska, AP Arkansas, AP California, AP Georgia, AP Kentucky, AP Mississippi, AP Oklahoma, AP Tennessee, AP Texas, and AP LLC are limited liability companies organized under the laws of Utah and that these companies have offices at, amongst other locations, 450 North 1500 West, Orem, Utah, 84057.[1] Defendants admit that these companies have designated as their agent for service of process Corporation Service Company, 10 E. South Temple, Suite 850, Salt Lake City, Utah 84133.  Defendants deny the remaining allegations of Paragraph 4 and demand strict proof thereof.

5.  In response to the allegations in Paragraph 5, Defendants admit the allegations in the first sentence of Paragraph 5. As to the second sentence of Paragraph 5, Defendants admit that Alder Holdings sells or has sold alarm systems in some of these states, but denies that it operates or has ever operated in all of these states.  Defendants admit the allegations in the third and fourth sentences of Paragraph 5.  As to the sixth sentence, Defendants deny that they made any false sales pitches and have no knowledge of any complaints received by ADT, so demand strict proof thereof.

6.  In response to the allegations of Paragraph 6, Defendants admit that Defendants AP LLC, APT LLC, Management, Rhodesian, and Boerboel are each limited liability companies organized under the laws of Utah and that they have designated as their agent for service of process Corporation Service Company, 10 E. South Temple, Suite 850, Salt Lake City, Utah 84133.  Defendants admit that these entities have an office at 450 North 1500 West,

---

[1] Alarm Protection Ohio, LLC, Alarm Protection South Carolina, LLC and Alarm Protection Holdings, LLC do not exist, as those companies were never formed.  Responses by "Defendants" in this Answer and Affirmative Defenses does not waive this defense.

Orem, Utah 84057.  Defendants deny the remaining allegations of Paragraph 6 and demand strict proof thereof.

7. In response to the allegations of Paragraph 7, Defendants admit that Alarm Protection Florida, LLC is registered to do business with the Florida Department of State Division of Corporations.  Defendants deny the remaining allegations of Paragraph 7 and demand strict proof thereof.

8. Defendants admit the allegations of the first sentence of Paragraph 8.  Otherwise, denied.

## Jurisdiction And Venue

9. Except for AP Ohio, AP South Carolina, and AP Holdings, Defendants admit the allegations of Paragraph 9 for subject matter jurisdiction purposes only but deny the allegations they violated the Lanham Act and demand strict proof thereof.  AP Ohio, AP South Carolina, and AP Holdings deny all allegations and demand strict proof thereof.

10. Except for AP Ohio, AP South Carolina, and AP Holdings, Defendants admit the allegations of Paragraph 10 for subject matter jurisdiction purposes only but deny the allegations they engaged in unfair competition and demand strict proof thereof. AP Ohio, AP South Carolina, and AP Holdings deny all allegations and demand strict proof thereof.

11. In response to Paragraph 11, except for AP Ohio, AP South Carolina, and AP Holdings, Defendants admit this is a proper venue, but deny all other allegations and demand strict proof thereof. AP Ohio, AP South Carolina, and AP Holdings deny all allegations and demand strict proof thereof.

**Factual Allegations Common To All Counts**

12. Defendants are without knowledge of the allegations in Paragraph 12 and demand strict proof thereof.

13. Defendants are without knowledge of the allegations in Paragraph 13 and demand strict proof thereof.

14. Defendants are without knowledge of the allegations in Paragraph 14 and demand strict proof thereof.

15. Defendants deny the allegations of Paragraph 15 and demand strict proof thereof.

16. Defendants admit that Adam Schanz decided to form an alarm company in 2008. Defendants deny all remaining allegations of Paragraph 16 and demand strict proof thereof.

17. Defendants deny the allegations of Paragraph 17 and demand strict proof thereof.

18. Defendants deny the allegations and demand strict proof thereof.

19. Except for AP Ohio, AP South Carolina, and AP Holdings, Defendants admit the allegations in the first two sentences of Paragraph 19.  Defendants deny the remaining allegations of Paragraph 19 and demand strict proof thereof. AP Ohio, AP South Carolina, and AP Holdings deny all allegations and demand strict proof thereof.

20. Defendants admit the allegations in the first sentence of Paragraph 20. Defendants deny the remaining allegations of Paragraph 20 and demand strict proof thereof.

21. Defendants deny the allegations of Paragraph 21 and demand strict proof thereof.

22. Defendants deny the allegations of Paragraph 22 and demand strict proof thereof.

23. Defendants deny the allegations in Paragraph 23 and demand strict proof thereof.

24. Defendants deny the allegations of Paragraph 24 and demand strict proof thereof.

25. In response to the allegations of Paragraph 25, Defendants admit that at some point in 2015, the AP Defendants who were selling alarm systems stopped selling alarm systems in their respective states.  Defendants admit that throughout 2015, Alder Holdings started selling alarm systems in various states.  Defendants admit that some of the sales representatives who previously worked for some of the AP Companies subsequently worked for Alder Holdings.  Defendants deny the remaining allegations of Paragraph 25 and demand strict proof thereof.

26. In response to the allegations of Paragraph 26, Defendants admit that some of the sales representatives who previously worked for some of the AP Companies subsequently worked for Alder Holdings.  Defendants deny the remaining allegations and demand strict proof thereof.

27. In response to Paragraph 27, Defendants admit the allegations of the second sentence as to the AP Defendants except for AP Ohio, AP South Carolina, AP Holdings, and any AP Defendant who never sold alarm systems.  Defendants also admit that Alder Holdings provides certain services to some of the AP Defendants.  Defendants deny the remaining allegations and demand strict proof thereof.

28. In response to Paragraph 28, Defendants admit that Alder Holdings and ADT are direct competitors in the security systems market, that ADT and Alder sell some goods made by the same suppliers, and that ADT operates in each of the states in which any of the Defendants sell alarm systems.  Defendants deny the remaining allegations of Paragraph 28 and demand strict proof thereof.

29. Defendants deny the allegations of Paragraph 29 and demand strict proof thereof.

30. Defendants deny the allegations of Paragraph 30 and demand strict proof thereof.

31. Defendants deny the allegations of Paragraph 31 and demand strict proof thereof.

32. Defendants deny the allegations of Paragraph 32 and demand strict proof thereof.

33. Defendants deny the allegations of Paragraph 33 and demand strict proof thereof.

34. Defendants deny the allegations of Paragraph 34 and demand strict proof thereof.

35. Defendants deny the allegations of Paragraph 35 and demand strict proof thereof.

36. Defendants deny the allegations of Paragraph 36 and demand strict proof thereof.

37. Defendants deny the allegations of Paragraph 37 and demand strict proof thereof.

38. Defendants deny the allegations of Paragraph 38 and demand strict proof thereof.

39. Defendants deny the allegations of Paragraph 39 and demand strict proof thereof.

40. Defendants deny the allegations of Paragraph 40 and demand strict proof thereof.

41. Defendants deny the allegations of Paragraph 41 and demand strict proof thereof.

42. Defendants deny the allegations of Paragraph 42 and demand strict proof thereof.

43. Defendants deny the allegations of Paragraph 43 and demand strict proof thereof.

44. Defendants deny the allegations of Paragraph 44 and demand strict proof thereof.

45. Defendants deny the allegations of Paragraph 45 and demand strict proof thereof.

46. Defendants deny the allegations of Paragraph 46 and demand strict proof thereof.

47. Defendants deny the allegations of Paragraph 47 and demand strict proof thereof.

48. Defendants deny the allegations of Paragraph 48 and demand strict proof thereof.

49. Defendants deny the allegations of Paragraph 49 and demand strict proof thereof.

50. Defendants deny the allegations of Paragraph 50 and demand strict proof thereof.

51. Defendants deny the allegations of Paragraph 51 and demand strict proof thereof.

52. Defendants deny the allegations of Paragraph 52 and demand strict proof thereof.

53. Defendants deny the allegations of Paragraph 53 and demand strict proof thereof.

54. Defendants deny the allegations of Paragraph 54 and demand strict proof thereof.

55. Defendants deny the allegations of Paragraph 55 and demand strict proof thereof.

56. Defendants deny the allegations of Paragraph 56 and demand strict proof thereof.

57. Defendants deny the allegations of Paragraph 57 and demand strict proof thereof.

58. Defendants deny the allegations of Paragraph 58 and demand strict proof thereof.

59. Defendants deny the allegations of Paragraph 59 and demand strict proof thereof.

60. Defendants deny the allegations of Paragraph 60 and demand strict proof thereof.

61. Defendants deny the allegations of Paragraph 61 and demand strict proof thereof.

62. Defendants deny the allegations of Paragraph 62 and demand strict proof thereof.

63. Defendants deny the allegations of Paragraph 63 and demand strict proof thereof.

64. Defendants deny the allegations of Paragraph 64 and demand strict proof thereof.

65. Defendants deny the allegations of Paragraph 65 and demand strict proof thereof.

66. Defendants deny the allegations of Paragraph 66 and demand strict proof thereof.

67. Defendants deny the allegations of Paragraph 67 and demand strict proof thereof.

68. Defendants deny the allegations of Paragraph 68 and demand strict proof thereof.

69. Defendants deny the allegations of Paragraph 69 and demand strict proof thereof.

70. Defendants deny the allegations of Paragraph 70 and demand strict proof thereof.

71. Defendants deny the allegations of Paragraph 71 and demand strict proof thereof.

72. Defendants deny the allegations of Paragraph 72 and demand strict proof thereof.

73. Defendants deny the allegations of Paragraph 73 and demand strict proof thereof.

74. Defendants deny the allegations of Paragraph 74 and demand strict proof thereof.

75. Defendants deny the allegations of Paragraph 75 and demand strict proof thereof.

76. Defendants deny the allegations of Paragraph 76 and demand strict proof thereof.

77. Defendants deny the allegations of Paragraph 77 and demand strict proof thereof.

78. Defendants deny the allegations of Paragraph 78 and demand strict proof thereof.

79. Defendants deny the allegations of Paragraph 79 and demand strict proof thereof.

80. Defendants deny the allegations of Paragraph 80 and demand strict proof thereof.

81. Defendants deny the allegations of Paragraph 81 and demand strict proof thereof.

82. Defendants deny the allegations of Paragraph 82 and demand strict proof thereof.

83. Defendants deny the allegations of Paragraph 83 and demand strict proof thereof.

84. Defendants deny the allegations of Paragraph 84 and demand strict proof thereof.

85. Defendants deny the allegations of Paragraph 85 and demand strict proof thereof.

86. Defendants deny the allegations of Paragraph 86 and demand strict proof thereof.

87. Defendants deny the allegations of Paragraph 87 and demand strict proof thereof.

88. Defendants deny the allegations of Paragraph 88 and demand strict proof thereof.

89. Defendants deny the allegations of Paragraph 89 and demand strict proof thereof.

90. Defendants deny the allegations of Paragraph 90 and demand strict proof thereof.

91. Defendants deny the allegations of Paragraph 91 and demand strict proof thereof.

92. Defendants deny the allegations of Paragraph 92 and demand strict proof thereof.

93. Defendants deny the allegations of Paragraph 93 and demand strict proof thereof.

94. Defendants deny the allegations of Paragraph 94 and demand strict proof thereof.

**Count One: Unfair Competition**
**In Violation Of The Lanham Act, 15 U.S.C. 1125(A)**

95. In response to Paragraph 95, Defendants incorporate their responses to the allegations of

    Paragraphs 1 through 94 as though set forth fully herein.

96. In response to Paragraph 96, Defendants have no knowledge of the allegations in the first

    two sentences and thus deny those allegations and demand strict proof thereof.

Defendants deny all remaining allegations of Paragraph 96 and demand strict proof thereof.

97. Defendants deny the allegations of Paragraph 97 and demand strict proof thereof.

98. Defendants admit the allegations of Paragraph 98.

99. Defendants deny the allegations of Paragraph 99 and demand strict proof thereof.

100.    Defendants deny the allegations of Paragraph 100 and demand strict proof thereof.

101.    In response to Paragraph 101, Defendants admit that their customers know that their sales representatives represent Defendants, not ADT.  Defendants deny all other allegations in Paragraph 101 and demand strict proof thereof.

102.    Defendants deny the allegations of Paragraph 102 and demand strict proof thereof.

103.    Defendants deny the allegations of Paragraph 103 and demand strict proof thereof.

104.    Defendants deny the allegations of Paragraph 104 and demand strict proof thereof.

105.    Defendants deny the allegations of Paragraph 105 and demand strict proof thereof.

106.    Defendants deny the allegations of Paragraph 106 and demand strict proof thereof.

107.    Defendants deny the allegations of Paragraph 107 and demand strict proof thereof.

## Count II: Unfair Competition

108.      In response to Paragraph 108, Defendants incorporate their responses to the allegations of Paragraphs 1 through 94 as though set forth fully herein.

109.      Defendants deny the allegations of Paragraph 109 and demand strict proof thereof.

110.      Defendants deny the allegations of Paragraph 110 and demand strict proof thereof.

111.      Defendants deny the allegations of Paragraph 111 and demand strict proof thereof.

112.      Defendants deny the allegations of Paragraph 112 and demand strict proof thereof.

113.      Defendants deny the allegations of Paragraph 113 and demand strict proof thereof.

114.      Defendants deny the allegations of Paragraph 114 and demand strict proof thereof.

115.      Defendants deny the allegations of Paragraph 115 and demand strict proof thereof.

116.      Defendants deny the allegations of Paragraph 116 and demand strict proof thereof.

117.      Defendants deny the allegations of Paragraph 117 and demand strict proof thereof.

118.      Defendants deny the allegations of Paragraph 118 and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

Affirmative Defense No. 1: Personal Jurisdiction

Defendants Alarm Protection Alaska, LLC, Alarm Protection Arkansas, LLC, Alarm Protection Kentucky, LLC, Alarm Protection Ohio, LLC, Alarm Protection Oklahoma, LLC and Alarm Protection South Carolina, LLC ("Jurisdictional Defendants") are not subject to personal jurisdiction in Florida. §48.193(1), Fla. Stat. *Asahi Metal Indus. Co. v. Superior Ct. of Ca.*, 480 U.S. 102, 113 (1987); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985).  There is no evidence that the Jurisdictional Defendants took advantage of the benefits and protection of Florida or that there are any contacts with Florida, other than the fact that the Jurisdictional Defendants share a parent company with a company that operated in Florida (Alarm Protection Florida, LLC). This is insufficient to establish personal jurisdiction.

Affirmative Defense No. 2: Non-Existence Of Certain Defendants

Defendants Alarm Protection Ohio, Alarm Protection Holdings, and Alarm Protection South Carolina do not exist, as they have never been formed and have never conducted any business.

Affirmative Defense No. 3 Collateral Estoppel

Plaintiffs' claims are precluded by collateral estoppel.

Affirmative Defense No. 4: Res Judicata

Plaintiffs' claims are precluded by res judicata.

Affirmative Defense No. 5: Judicial Estoppel

ADT is judicially estopped from proceeding on its royalties damages theory.

Affirmative Defense No. 6: Corporate Veil

Defendant Adam Schanz is not responsible for the acts of the companies, or for acts that he took in the course of his duties for the companies. Likewise, one corporate defendant is not responsible for acts taken by other corporate defendants.

Affirmative Defense No. 7: Standing

ADT US Holdings, Inc. lacks standing to bring these claims because it does not own any contracts with ADT customers, so that it does not have a sufficient interest at stake in the controversy that will be affected by the litigation's outcome.

Affirmative Defense No. 8: Puffery/First Amendment

Defendants' alleged misrepresentations are puffery and not violations of the Lanham Act. *See* Trial Transcript at 105:17-25 (Jury Instruction on Puffery) from ADT, LLC v. Alarm Protection Technology, LLC, et al., Southern District of Florida, Case No. 9:12-cv-80898 (DE 552). Defendants' use of the term "upgrade" and other statements which Plaintiffs alleges are misrepresentations are protected by the First Amendment.

Affirmative Defense No. 9: Nominative Fair Use

Defendants' use of the mark "ADT" qualifies as nominative fair use, since any use of the mark "ADT" by Defendants is for purposes of comparison and/or criticism only, and used as part of Defendants' efforts to show the customer why their products and services are superior to those of Plaintiffs.

Affirmative Defense No. 10: Failure to Mitigate Damages

Plaintiffs have failed to mitigate their damages (if there are any).

Affirmative Defense No. 11: Good Faith/Lack of Malice as to Punitive Damages

Defendants have acted at all relevant times in good faith, so that Plaintiffs may not recover punitive damages.

Affirmative Defense No. 12: Failure to State a Claim

Plaintiffs fail to state a claim against Adam Schanz as there is no evidence that Adam Schanz acted as a "moving, active, conscious force behind [the corporation's] infringement."

*Chanel, Inc. v. Italian Activewear of Florida, Inc.*, 931 F. 2d 1472 (11th Cir. 1991); March 16, 2017 Order in *ADT, LLC v. Security Networks LLC, et al*, United States District Court Southern District of Florida, Case No. 12-81120.

Affirmative Defense No. 13: Punitive Damages

Any award of punitive damages in this case is impermissible under the standards established in the case of *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996).

Affirmative Defense No. 14: Punitive Damages

Any award of punitive damages in this case would violate the due process requirements of the Fourteenth Amendment to the Constitution of the United States of American and the Constitution of the State of Florida.

## CLAIM FOR ATTORNEYS FEES AND COSTS

Defendants have hired counsel to represent them in this matter and are obligated to pay their reasonable attorneys' fees and costs. Defendants are entitled to recover their attorneys' fees from ADT pursuant to 15 U.S.C. §1117(a). In addition, Defendants AP Ohio, AP South Carolina and AP Holdings are also entitled to recover their attorneys' fees from ADT pursuant to 15 U.S.C. §1117(a) because they were never formed and never conducted business.

DEFENDANTS DEMAND A JURY TRIAL ON ALL ISSUES THUS TRIABLE.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 27th day of March, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to: C. Sanders McNew, Esq., 2385 NW Executive Center Drive, Suite 100, Boca Raton, FL 33431 (mcnew@mcnew.net); Richard Sander, Esq. (RSANDER@shb.com),

Kali R. Backer, Esq. (KBACKER@shb.com); Eric J. Hobbs, Esq. (EHOBBS@shb.com); Daniel

E. Rohner (DROHNER@shb.com); and S. Kirk Ingebretsen (kingebretsen@shb.com) SHOOK,

HARDY & BACON, 1660 17th Street, Suite 450, Denver, Colorado 80202-1254.

GUNSTER, YOAKLEY & STEWART, P.A.

*Attorneys for Defendants*
450 East Las Olas Boulevard, Suite 1400
Fort Lauderdale, FL  33301
Telephone:      954-462-2000
Facsimile:      954-523-1722

By: */s/ Jennifer Nicole*
    Michael W. Marcil, Esq.
    Florida Bar No.: 091723
    mmarcil@gunster.com
    Jennifer Nicole, Esq.
    Florida Bar No.: 00114578
    jnicole@gunster.com

FTL_ACTIVE 5008412.1