UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:15-CV-80073-ROSENBERG/HOPKINS

ADT LLC & ADT US HOLDINGS, INC.,

     Plaintiffs,

v.

ALARM PROTECTION LLC, et al.,

     Defendants.

_____/

**ORDER GRANTING DEFENDANTS' MOTION IN
LIMINE TO EXCLUDE RECORDED TELEPHONE CONVERSATIONS**

     This matter is before the Court on Defendants' Motion in Limine to Exclude Recorded Telephone Conversations at docket entry 222. The Court heard oral argument on the Motion on May 8, 2017. For the reasons set forth below, the Motion is granted.

     Defendants seek to exclude recorded telephone conversations between Plaintiffs and their non-testifying customers, as well as a summary of such calls. The bases for the Motion are: (1) that these recordings are hearsay and often double hearsay and that there are no hearsay exceptions that apply; (2) the recordings cannot be authenticated; and (3) the recordings should be excluded under Federal Rule of Evidence 403.

     Plaintiffs concede that the telephone recordings are hearsay-within-hearsay. The first level of hearsay is the recorded statements of Plaintiffs' customers. The second level of hearsay is statements that Defendants' agents are alleged to have made to Plaintiffs' customers. At the hearing on this matter, Plaintiffs devoted the majority of their time to

arguing for exceptions to the second level of hearsay. Ultimately, however, this Court's decision is based upon the first level of hearsay—the recording of Plaintiffs' customers.

Plaintiffs argue that the phone recordings qualify as business records under Federal Rule of Evidence 803(6) or, alternatively, the phone recordings qualify for the residual hearsay exception under Rule 807. The Court does not agree.

The phone conversations in this case were recorded by Plaintiffs. Plaintiffs maintain a hotline that its customers can call to complain. The recordings in this case originated from customer phone calls to that hotline. For the phone conversations to qualify as business records under Rule 803(6), the phone recordings must be "kept in the course of a regularly conducted activity." Courts that have considered phone recordings resembling the recordings in this case have concluded that Rule 803(6) does not apply. For example, in *United States v. Pazsint*, 703 F.2d 420 (1983), the Ninth Circuit Court of Appeals considered recordings of phone calls that were made to the police reporting certain actions. The court held that those recordings did not qualify as business records under Rule 803(6) because: "[t]hat hearsay exception applies only if the person furnishing the information to be recorded is 'acting routinely, under a duty of accuracy, with employer reliance on the result,' or in short 'in the regular course of business.'" *Id.* at 424. The problem, then, is that the person in charge of receiving the phone call and creating the recording has a business duty to do so, but that person has no personal knowledge of the relevant facts. *Id.* at 425. Conversely, the non-party speaking on the recording has personal knowledge of the relevant facts, but *has no business duty to report those facts*. *See id.* As a result, the *Pazsint* court concluded that a non-party speaking on a recording, who could essentially say whatever they wanted (they were not

subject to an employment relationship), could not be afforded the presumption of reliability that underpins Rule 803(6).  *See id.*

The reasoning of the *Pazsint* decision is apparent in other case law.[1]  In *T. Harris Young & Associates, Inc. v. Marquette Electronics, Inc.*, 931 F.2d 816, 282 (1991), the Eleventh Circuit stated that for Rule 803(6) to apply, "all persons involved in the process must be acting in the regular course of business—otherwise, an essential link in the trustworthiness chain is missing."  Here, the customer complaining to Plaintiffs is not acting in the normal course of business—the customer is not an employee.  The customer, as an unattached agent, is not afforded the same presumption of trustworthiness an employee is afforded under the Federal Rules.  *See Pazsint*, 703 F.2d at 424-25.  Thus, just as Plaintiffs have been informed in another case before this Court,[2] the Court concludes that Plaintiffs' recorded telephone conversations of customer complaints do not qualify for the hearsay exception in Rule 803(6).

Plaintiffs have also argued that the recorded phone conversations should qualify for the residual hearsay exception in Rule 807.  Rule 807 permits hearsay when (1) the statement has circumstantial guarantees of trustworthiness; (2) it is offered as evidence of a material fact; (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and (4) admitting it will best serve the purposes of the rules and the interests of justice.  The Eleventh Circuit has emphasized that the "rule asks not simply for circumstantial guarantees of trustworthiness, but for guarantees

---

[1] *See, e.g.*, *United Tech. Corp. v. Mazer*, 556 F.3d 1260, 1278 (11th Cir. 2009) ("It is well established that entries in a police report which result from the officer's own observations and knowledge may be admitted but the statements made by third persons under no business duty to report may not."); *AAMCO Transmissions, Inc. v. Baker*, 591 F. Supp. 2d 788, 794-95 (E.D. Pa. 2008).

[2] *See ADT, LLC v. Security Networks, LLC*, No. 12-CIV-81120 (S.D. Fla. Dec. 9, 2016) (with the plaintiff conceding on the record that a customer complaining to ADT does not qualify as "the regular course of business" and the court granting a motion in limine to exclude recorded telephone calls from ADT customers).

that are *equivalent* in significance to the specific hearsay exceptions enumerated in the Federal Rules of Evidence 803 and 804. Therefore, such guarantees must be 'equivalent to cross-examined former testimony, statements under a belief of impending death, statements against interest, and statements of personal or family history." *Rivers v. United States*, 777 F.3d 1306, 1314 (11th Cir. 2015) (citation omitted) (emphasis in original). The residual hearsay exception is rarely invoked, and only in exceptional circumstances. *United States v. Mitchell*, 145 F.3d 572 (3d Cir. 1998). The proponent of a statement, citing the residual exception, bears a heavy burden. *United States v. Washington*, 106 F.3d 983 (D.C. Cir. 1997). Upon review, the Court is not persuaded that the recorded customer complaints in this case rise to the same level of trustworthiness as "cross-examined former testimony, statements under a belief of impending death, statements against interest, and statements of personal or family history." *Rivers*, 777 F.3d at 1314.

The Court's conclusion is reinforced on two separate grounds. First, other trial courts to consider evidence resembling evidence in the instant case have refused to admit such evidence. For example, in *AAMCO Transmissions, Inc. v. Baker*, 591 F. Supp. 2d 788, 799 (E.D. Pa. 2008), the district court refused to admit audio recordings of consumers[3] because, *inter alia*, the recordings were not made under oath and the declarants were not subject to cross examination. Second, there is evidence to suggest that the customers in the instant case were guided, to an extent, to report negative information about Defendants' agents. For example, Defendants have provided two audio recordings (drawn from all of the audio recordings identified by Plaintiffs) wherein Plaintiffs' representative on the phone call (i) makes comments to the customer about deceptive practices employed by other parties and (ii)

---

[3] The audio recordings in *AAMCO* were of customers who had, immediately prior to being recorded, visited a service center as an "undercover" shopper. *AAMCO*, 591 F. Supp. 2d at 792.

states that Defendants' agents known to make misrepresentations and engage in illegal acts. *See* DE 222-3, 222-4. Plaintiffs' unilateral ability to guide its receipt of consumer complaints, or otherwise participate in the eliciting of information from the customer, is particularly concerning in light of the fact that Defendants were not afforded the opportunity to be present, as Plaintiffs were, at the time the recording was made.

The Court addresses one final topic. The third element of the residual hearsay exception is that the evidence "is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." The Court is not persuaded that the *true and/or only* purpose for which Plaintiffs seek to admit this evidence is, in fact, the *content* of the phone calls; this is exemplified by Plaintiffs' express intent to only introduce a summary of the phone call conversations. Instead, the Court is persuaded that what Plaintiffs truly seek is evidence of *numerosity*. Plaintiffs have made clear that they want to inform the jury of the significant number of complaints that they have received—a number far greater than the fifteen customer witnesses who will likely testify at trial. As to *numerosity*, the Court is not persuaded that evidence of the abundance of complaints Plaintiffs have received from their customers can only be reasonably admitted through the introduction of the recorded phone conversations. *See, e.g.*, *Peat, Inc. v. Vanguard Research, Inc.*, 378 F.3d 1154, 1160 (11th Cir. 2004) (for a summary of evidence of be admissible, the underlying evidence must also be admissible). Other avenues remain open to Plaintiffs to introduce evidence on the issue of the numerosity of its customer complaints, and nothing in this order precludes Plaintiffs from pursuing those theories. For all of the foregoing reasons, Defendants' Motion to Exclude Recorded Telephone Conversations [DE 222] is **GRANTED**.

Because of the Court's ruling, the parties need not comply with any prior orders of the Court pertaining to supplemental notices and briefing with respect to this Motion.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 9th day of May, 2017.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

cc: counsel of record