UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:15-CV-80073-ROSENBERG/HOPKINS

ADT LLC & ADT US HOLDINGS, INC.,

    Plaintiffs,

v.

ALARM PROTECTION LLC, et al.,

    Defendants.
_____/

# ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION IN LIMINE TO EXCLUDE NON-PARTY CUSTOMER DECLARATIONS, AFFIDAVITS, AND UNSWORN LETTERS

This matter is before the Court on Defendants' Motion in Limine to Exclude Non-Party Customer Declarations, Affidavits, and Unsworn Letters at docket entry 216. The Court heard oral argument on the Motion on May 8, 2017 and reviewed supporting affidavits. For the reasons set forth below, the Motion is granted in part and denied in part.

Defendants seek to exclude declarations, affidavits, and unsworn letters from customers of Plaintiffs. With respect to declarations, letters, or other documents that are unsworn, Defendants' Motion is granted for the same reasons the Court excluded recorded telephone conversations of customer complaints at docket entry 340. With respect to sworn declarations and sworn affidavits, the Court addresses this evidence below.

Plaintiffs argue this evidence should be admitted under the residual hearsay exception—Federal Rule of Evidence 807. Rule 807 permits hearsay when (1) the statement has circumstantial guarantees of trustworthiness; (2) it is offered as evidence of a material fact; (3) it is more probative on the point for which it is offered than any other evidence that

the proponent can obtain through reasonable efforts; and (4) admitting it will best serve the purposes of the rules and the interests of justice. The Eleventh Circuit has emphasized that the "rule asks not simply for circumstantial guarantees of trustworthiness, but for guarantees that are *equivalent* in significance to the specific hearsay exceptions enumerated in the Federal Rules of Evidence 803 and 804. Therefore, such guarantees must be 'equivalent to cross-examined former testimony, statements under a belief of impending death, statements against interest, and statements of personal or family history.'" *Rivers v. United States*, 777 F.3d 1306, 1314 (11th Cir. 2015) (citation omitted) (emphasis in original). The residual hearsay exception is rarely invoked, and only in exceptional circumstances. *United States v. Mitchell*, 145 F.3d 572 (3d Cir. 1998). The proponent of a statement, citing the residual exception, bears a heavy burden. *United States v. Washington*, 106 F.3d 983 (D.C. Cir. 1997).

In arguing that the sworn declarations of its customers should be admitted, Plaintiffs rely upon cases such as *FTC v. United States Mortgage Funding, Inc.*, No. 11-CV-80155, 2011 WL 2784466 (S.D. Fla. July 12, 2011).[1] In *United States Mortgage Funding*, the district court permitted the Federal Trade Commission to introduce into evidence sworn declarations from consumers, however, the declarations were admitted into evidence to *prove the consumers had sustained an actual injury*. *Id.* at *2. Other courts have permitted sworn declarations from the Federal Trade Commission for similar purposes. *FTC v. Figgie Int'l, Inc.*, 994 F.2d 595 (9th Cir. 1993) (admitting letters under the residual exception to prove prices paid by consumers); *FTC v. Amy Travel Service, Inc.*, 875 F.2d 564 (2d Cir. 1989)

---

[1] Plaintiffs also rely upon *Bourjaily v. United States*, 483 U.S. 171 179-80 (1987) for the more general proposition that many "individual pieces of evidence, insufficient of themselves to prove a point, may in cumulation prove it."

2

(admitting affidavits under the residual exception to show actual consumer harm). When the Federal Trade Commission has attempted to introduce declarations to show more than just consumer harm, however, courts have sometimes reached a different conclusion. In *FTC v. Washington Data Resources*, No. 8:09-CV-2309, 2011 WL 2669661, at *5 (M.D. Fla. July 7, 2011), the Federal Trade Commission sought to introduce declarations for "more than merely the extent of the consumer injury," and, instead, the declarations were offered "as substantive evidence of the defendants' alleged deceptive statements." The trial court declined to admit the declarations under the residual exception, noting that the fact that the Federal Trade Commission had deposed consumers belied its argument that it could not otherwise procure evidence of deceptive practices through reasonable effort. *Id.*

Upon review of the sworn declarations in the record, the Court has several concerns. First, the declarations are not being offered to merely show the existence of damages, as was the case in *United States Mortgage Funding* (wherein declarations were admitted). Instead, the declarations are being offered to show deceptive and misleading conduct by the Defendants, as was the case in *Washington Data Resources* (wherein declarations were excluded). Second, the Plaintiffs are not the Federal Trade Commission nor are the Plaintiffs a governmental entity. Plaintiffs are private, for-profit corporations that stand to receive monetary compensation from this litigation. Plaintiffs—direct competitors of Defendants—prepared the declarations[2] they now seek to admit into evidence—declarations that Defendants did not have the opportunity to challenge. Third, Defendants have persuasively argued that a close review of the declarations has revealed inaccuracies—inaccuracies that are detrimental to Defendants' defense. For example, one declarant states that "[T]here was a

---

[2] The Court has reviewed the Marcia Gold affidavit at docket entry 368 pertaining to the process by which a declaration is created.

knock on my door. The gentlemen at my door identified himself as Ryan Lyman" but, when deposed, the declarant attested: "I pulled into my driveway and there was a young man walking down the street and he called to me and came up, introduced himself as an employee of Alarm Protection . . . ."[3] *Compare* DE 216-3 *with* DE 216-4. Another declaration is silent on the issue of Defendants' agent's *initial* identification, but when deposed the declarant attested: "[the agent] told his name and everything. He had his logo on, which was Alder." *Compare* DE 216-2 *with* DE 216-5. Fourth, some of the declarations constitute double and possibly even triple hearsay. For example, in one declaration a customer mentions statements made by her husband which in turn arguably relay statements made by an agent of Defendants. DE 216-1. Fifth and finally, the Defendants have identified declarations with a substantial time differential between the time of the customer's interactions with Defendants' agents and the time of the declaration. *See* DE 216-2 (three month differential); DE 216-3 (slightly less than two month differential).

The Court finds that none of the individual issues outlined above are dispositive to the Court's decision. However, upon review of the totality of Defendants' arguments, the Court is not persuaded that Plaintiffs have met their heavy burden to show that the declarations in this case rise to the same level of trustworthiness as "cross-examined former testimony, statements under a belief of impending death, statements against interest, and statements of personal or family history." *Rivers*, 777 F.3d at 1314. The Court therefore grants Defendants' Motion—with one exception. The Court is not persuaded, at this time, that the customer declarations must be excluded from the jury's consideration entirely. The Court

---

[3] The agents' introduction (wherein he expressly stated he did not work for Plaintiffs) is critical to Defendants' defense, however, this specific detail is not present in the customer's declaration—a declaration that was prepared by employees of Plaintiffs.

will permit ore tenus argument as to whether the jury may be informed of the declarations in some way other than the admission of the declarations into evidence.

For all of the foregoing reasons, Defendants' Motion in Limine to Exclude Non-Party Customer Declarations, Affidavits, and Unsworn Letters [216] is **GRANTED IN PART AND DENIED IN PART** as more fully specified in this Order.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 11th day of May, 2017.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

cc: counsel of record