**Defendants' Proposed Jury Instruction No. 1 (preliminary)**

**GENERAL PRELIMINARY INSTRUCTION**

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if he or she thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

<u>Credibility of witnesses</u>:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

· the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

· the witness's memory;

· the witness's manner while testifying;

· any interest the witness has in the outcome of the case;

· any bias or prejudice the witness may have;

· any other evidence that contradicts the witness's testimony;

· the reasonableness of the witness's testimony in light of all the evidence; and

· any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

<u>Description of the case</u>:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions.  Plaintiffs ADT LLC and ADT US Holdings, Inc. have raised two claims against 22 defendants, 21 of whom are companies and one of whom is an individual for deceptive sales practices.  The 21 Defendants which are companies are Alarm Protection Florida, LLC, Alarm Protection Alabama, LLC, Alarm Protection Alaska, LLC, Alarm Protection Arkansas, LLC, Alarm Protection California, LLC, Alarm Protection Georgia, LLC, Alarm Protection Kentucky, LLC, Alarm Protection Mississippi, LLC, Alarm Protection Ohio, LLC, Alarm Protection Oklahoma, LLC, Alarm Protection South Carolina, LLC, Alarm

Protection Tennessee, LLC, Alarm Protection Texas, LLC, Alarm Protection, LLC, Alarm Protection Technology, LLC, Alarm Protection Management, LLC, Alarm Protection Technology, LLC, Alder Holdings, LLC, Boerboal Protection, LLC Rhodesian Protection, LLC, and Alarm Protection Technology Holdings, LLC. The one individual is Adam Schanz. In these instructions, if I reference the "Corporate Defendants", I mean only the 21 companies. When I reference "Defendants" generally, I mean all 22 Defendants. Similarly, when I refer to Plaintiffs or ADT, I mean both Plaintiffs. If I intend to reference only one Plaintiff in these instructions, I will use either "ADT" for ADT, LLC or "ADT US Holdings" for ADT US Holdings, Inc.

In this lawsuit, ADT has claimed that all Defendants have made false or misleading statements that are likely to cause confusion as to whether or not one or more of Defendants are affiliated with ADT. All of the Defendants deny the claims by ADT and assert that they did not make false and misleading statements which caused customers to withhold business from ADT based on confusion as to whether Defendants were affiliated with ADT. Some of the Defendants assert that they do not conduct sales and are not involved in any of the alleged conduct.

<u>Burden of proof</u>:

ADT has the burden of proving its case by what the law calls a "preponderance of the evidence." That means ADT must prove that, in light of all the evidence, what it claims is more likely true than not. So, if you could put the evidence favoring ADT and the evidence favoring the particular Defendant at issue on opposite sides of balancing scales, ADT needs to make the scales tip to its side. If ADT fails to meet this burden, you must find in favor of Defendants.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," Defendants have the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts that Defendants must prove for any affirmative defense. After considering all the evidence, if you decide that Defendants have successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, ADT will present its witnesses and ask them questions. After ADT questions the witness, Defendants may ask the witness questions – this is called "cross-examining" the witness. Then Defendants will present their witnesses, and ADT may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

**<u>LEGAL AUTHORITY:</u>**

Eleventh Circuit Pattern Jury Instruction 1.1

**Defendants' Proposed Jury Instruction No. 2 (preliminary)**

**BURDEN OF PROOF- CLEAR AND CONVINCING EVIDENCE**

Sometimes a party has the burden of proving a claim or defense by clear and convincing evidence. This is a higher standard of proof than proof by a preponderance of the evidence. It means the evidence must persuade you that the claim or defense is highly probable or reasonably certain. The court will tell you when to apply this standard.

Legal Authorities:

Eleventh Circuit Pattern Jury Instruction (Civil) 1.2

**Defendants' Proposed Jury Instruction No. 3 (preliminary)**

## JURY QUESTIONS

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

- First, you must submit all questions in writing. Please don't ask any questions aloud.

- Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

· Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

**<u>LEGAL AUTHORITY:</u>**

Eleventh Circuit Pattern Jury Instruction 1.4

**<u>Defendants' Proposed Jury Instruction No. 4 (preliminary)</u>**

**<u>STIPULATIONS</u>**

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.  In this case, the parties have stipulated that:

1. There is no royalty agreement between Plaintiffs and any of Defendants.

2. The annual attrition rate for customers signed up by Plaintiffs' dealers ranges, based on how long the customer has been with Plaintiffs, from about 10% to nearly 30%.

3. The overall attrition rate for Plaintiffs was approximately 13% for the years 2011 through 2014.

4.  Plaintiffs have never sold customer accounts.

5. Plaintiffs are only relying on customers who complained about allegedly deceptive sales practices by Defendants' sales representatives after January 1, 2014.

6.  Plaintiffs are not seeking damages in relation to customers who complained about allegedly deceptive sales practices by Defendants' sales representatives prior to January 1, 2014.


**<u>LEGAL AUTHORITY:</u>**

Eleventh Circuit Pattern Jury Instruction 2.1

11

**Defendants' Proposed Jury Instruction No. 5 (preliminary)**

**USE OF DEPOSITIONS**

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

In this case, some of the deposition testimony may be presented to you by the attorneys reading the transcript.  Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**LEGAL AUTHORITY:**

Eleventh Circuit Pattern Jury Instruction 2.2 (modified slightly to cover all depositions and inform the jury that the attorneys may read some of the transcripts)

**Defendants' Proposed Jury Instruction No. 6 (preliminary)**

### USE OF RECORDED CONVERSATIONS AND TRANSCRIPTS

During the trial, you are going to hear recorded conversations. This is proper evidence for you to consider. Please listen to it very carefully. I'm going to allow you to have a transcript of the recording to help you identify speakers and guide you through the recording. But remember that it is the recording that is evidence – not the transcript. If you believe at any point that the transcript says something different from what you hear on the recording, disregard that portion of the transcript and rely instead on what you hear.

**LEGAL AUTHORITY:**

Eleventh Circuit Pattern Jury Instruction 2.3

**Defendants' Proposed Jury Instruction No. 7 (preliminary)**

**IN-TRIAL INSTRUCTIONS ON NEWS COVERAGE**

Reports about this trial or about this incident may appear in the media. The reporters may not have heard all the testimony as you have, may be getting information from people who are not under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.

You must not read, listen to, or watch anything about this trial. It would violate your oath as a juror to decide this case on anything other than the evidence presented at trial and on your own common sense. You must decide this case exclusively on the evidence you receive here in court.

**LEGAL AUTHORITY:**

Eleventh Circuit Pattern Jury Instruction 2.7

14

**Defendants' Proposed Jury Instruction No. 8**

## **INTRODUCTION**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

NO. 9:15-CV-80073-Rosenberg/Hopkins

ADT, LLC and ADT US HOLDINGS, INC.,

      Plaintiffs,

v.

ALARM PROTECTION LLC, *et al*.,

      Defendants.
_____/

## **COURT'S INSTRUCTIONS TO THE JURY**

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

**LEGAL AUTHORITY:**

Eleventh Circuit Pattern Jury Instruction 3.1

**Defendants' Proposed Jury Instruction No. 9**

## THE DUTY TO FOLLOW INSTRUCTIONS
## – CORPORATE PARTY INVOLVED

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

**LEGAL AUTHORITY:**

Eleventh Circuit Pattern Jury Instruction 3.2.2

**Defendants' Proposed Jury Instruction No. 10**

### CONSIDERATION OF DIRECT AND CIRCUMSTANTIAL EVIDENCE; ARGUMENT OF COUNSEL; COMMENTS BY THE COURT

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**LEGAL AUTHORITY:**

Eleventh Circuit Pattern Jury Instruction 3.3

**Defendants' Proposed Jury Instruction No. 11**

## CREDIBILITY OF WITNESSES

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

**LEGAL AUTHORITY:**

Eleventh Circuit Pattern Jury Instruction 3.4

18

**Defendants' Proposed Jury Instruction No. 12**

### IMPEACHMENT OF WITNESSES BECAUSE
### OF INCONSISTENT STATEMENTS

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**LEGAL AUTHORITY:**

Eleventh Circuit Pattern Jury Instruction 3.5.1

**Defendants' Proposed Jury Instruction No. 13**

## EXPERT WITNESS

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

## LEGAL AUTHORITY:

Eleventh Circuit Pattern Jury Instruction 3.6.1

**Defendants' Proposed Jury Instruction No. 14**

### RESPONSIBILITY FOR PROOF – PLAINTIFF'S CLAIM[S], CROSS CLAIMS, COUNTERCLAIMS – PREPONDERANCE OF THE EVIDENCE

In this case it is the responsibility of each of the Plaintiffs to prove every essential part of their claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that each of the Plaintiffs' claims is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against each of the Plaintiffs.

When more than one claim is involved, you should consider each claim separately. Each party is entitled to have you separately consider each claim as it affects that party as well.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of each of the Plaintiffs' claims by a preponderance of the evidence, you should find for the Defendants as to that claim.

**LEGAL AUTHORITY:**

Eleventh Circuit Pattern Jury Instruction 3.7.1; modified by addition of sentence "Each party is entitled to have you separately consider each claim as it affects that party as well." to reflect the multiple defendants. This portion of the instruction comes from Florida Supreme Court Pattern Jury Instructions (Civil) 601.4.

**Defendants' Proposed Jury Instruction No. 15**

## RESPONSIBILITY FOR PROOF – AFFIRMATIVE DEFENSE - PREPONDERANCE OF THE EVIDENCE

In this case, the Defendants assert the affirmative defenses of puffery, fair use, and failure to mitigate damages. Even if ADT proves its claims by a preponderance of the evidence, the Defendants can prevail in this case if they prove an affirmative defense by a preponderance of the evidence.

When more than one affirmative defense is involved, you should consider each one separately.

I caution you that the Defendants do not have to disprove ADT's claims, but if the Defendants raise an affirmative defense, the only way they can prevail on that specific defense is if they prove that defense by a preponderance of the evidence.

## LEGAL AUTHORITY:

Eleventh Circuit Pattern Jury Instruction 3.7.2

**Defendants' Proposed Jury Instruction No. 16**

**COUNT I: FALSE AFFILIATION UNDER LANHAM ACT**

I will now instruct you regarding Count I, which is a false affiliation claim against all Defendants.   To prove its claims, ADT must prove the following facts by a preponderance of the evidence as to each of the Defendants:

One, one or more of Defendants made false or misleading statements or representations of fact that caused a likelihood of confusion as to their affiliation with that plaintiff; and

Two, that ADT suffered economic or reputational loss as a result of those same misleading statements or representations of fact.  This occurs when a false or misleading statement is made to a consumer that causes the consumer to withhold trade from the plaintiff.

Likelihood of Confusion

There are multiple factors you can use to determine whether a likelihood of confusion exists. No single factor or consideration controls, and ADT is not required to prove all, or even most, of the factors are present in any particular case. You may also use factors other than these. You should weigh all of the relevant evidence in determining whether a likelihood of confusion exists.

1. Similarity of the Parties' Goods

This factor considers not only whether the consuming public can readily distinguish between the parties' goods, but also whether the goods at issue are of a kind that the public attributes to a single source.

2. Similarity of the Parties' Sales Channels, Distribution, and Customers

This factor considers where, how, and to whom the parties' goods are sold. Similarities increase the possibility of consumer confusion, mistake, or deception.

3. <u>Similarity of the Parties' Advertising Media</u>

This factor looks to each party's method of advertising. It is not a requirement that ADT and Defendants advertise in the same magazines, publications, or other advertising outlets. The issue is whether the parties use the same forums and media outlets to advertise, leading to possible confusion.

4. <u>Actual Confusion</u>

Because the presence of actual confusion usually is difficult to show, a finding of actual confusion is not required to find false affiliation. Alternatively, the absence of actual confusion does not necessarily mean Defendants are not liable for false affiliation.

The evidence of actual confusion of false affiliation should be reasonably significant. You should weigh the alleged actual confusion using the following factors:

1. The amount and duration of the confusion;

2. The degree of familiarity the confused party has with the goods;

3. The type of person complaining of the alleged actual confusion (for example, whether that person is a customer or a noncustomer); and

4. The alleged number of people who are actually confused (for example, whether the confused person is an actual customer or someone else).

<u>Legal Authorities:</u>

The first portion of this instruction (the elements of claim) are the same jury instruction as given by Judge Ryskamp in *ADT I* for this same false affiliation claim (Count II in that lawsuit).  2/24/2015 Trial Transcript at 104:13-105:5 (*ADT I*, DE 552).  The Eleventh Circuit Pattern Instruction focuses on trademark infringement, so that this claim is slightly different and needs a different instruction.  *See also* October 25, 2016 Hearing Transcript (DE 173-1) (concluding that plaintiffs must prove causation for Lanham Act claim, relying on *Cox v. Admirable U.S. Steel and Carnegie,* 17 F.3rd 1386, 1399 (11th Cir. 1994)), affirmed by this Court on December 15, 2016 (DE 188); *see also Lexmark International, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1391 (2014)

(causation); *Practice Perfect, Inc. v. Hamilton County Pharm. Ass'n*, 732 F. Supp.798, 804 (S.D. Ohio 1989) (causation); *Web Printing Controls Co. v.Oxy-Dry Corp.*, 906 F.2d 1202, 1204–05 (7th Cir. 1990) (causation).

The second part of this instruction, which instructs the jury on the likelihood of confusion analysis is from the Eleventh Circuit Pattern Jury Instruction (Civil) 10.1, with modifications only to reflect that the claim is a "false affiliation" claim, instead of a "trademark infringement" claim, and to remove three elements of the likelihood of confusion test that are not relevant to the false affiliation claim and would only confuse the jury (strength of mark, intent and similarity of mark).

**Defendants' Proposed Jury Instruction No. 17**

## COUNT II: UNFAIR COMPETITION

I will now instruct you regarding Count II, which is an unfair competition claim by Plaintiffs against all Defendants.  To prove its claims, ADT must prove the following facts by a preponderance of the evidence as to each of the Defendants:

One, that there was deceptive or fraudulent conduct by the particular Defendant;

Two, that there is a likelihood of confusion by a consumer as a result of the particular Defendants' deceptive or fraudulent conduct; and

Three, that ADT suffered damages as a result of that particular Defendants' deceptive or fraudulent conduct.

Legal Authorities:

*Global Tellink v. Scott*, 652 F. Supp. 2d 1240 (MD Fla. 2009); *Procaps S.A. v. Patheon Inc.*, 36 F. Supp. 3d 1306, 1332 (S.D. Fla. 2014); *Noveshen v. Bridgewater Assocs., LP*, 47 F. Supp. 3d 1367, 1376 (S.D. Fla. 2014);  *Suntree Techs., Inc. v. Ecosense Int'l, Inc.*, 693 F.3d 1338, 1346 (11th Cir. 2012) ("the law of unfair competition has its roots in the common-law tort of deceit; its general concern is with protecting *consumers* from confusion as to source").

In the absence of elements that apply uniformly to all claims of unfair competition, the Eleventh Circuit has endorsed an approach which applies elements appropriate to the underlying acts of the unfair competition claim on a case by case basis. *Alphamed Pharm. Corp. v. Arriva Pharm., Inc.*, 432 F. Supp. 2d 1319, 1353–54 (S.D. Fla. 2006), *aff'd*, 294 F. App'x 501 (11th Cir. 2008).  Here, the appropriate elements are those that are set forth in the case law cited above for passing off, or false affiliation, claims. The Third Amended Complaint (DE 174) makes it clear that this case is about false affiliation claims. *See* Third Amended Complaint at Count II, ¶110 ("Defendants have engaged in deceptive misconduct by training and directing its sales agents to use false sales pitches that are designed to mislead customers into believing that they are technicians or agents visiting at ADT's request to perform an inspection or upgrade of the customers' ADT alarm systems"), ¶113 ("Defendants' sales agents do, in fact, employ this misleading sales tactic and use false sales pitches in the initial stages of a sales visit to confuse ADT's customers into believing the agent is with ADT, or working for an affiliate of ADT, or is visiting at ADT's request, when in fact the defendants' agent is an ADT competitor trying to steal customers from ADT").  This is also supported as the injunctive relief requested relates entirely to the sales pitches by Defendants' representatives in relation to their affiliation with ADT.  *Id.*  This

26

Court recognized in its Order on Defendants' Motion for Summary Judgment (DE 379, p. 2), that this case is about allegations of false affiliation with Plaintiffs.

**Defendants' Proposed Jury Instruction No.  18**

**LIKELIHOOD OF CONFUSION: REASONABLE CONSUMER STANDARD**

To prove that there is a likelihood of confusion as to Defendants' affiliation with ADT, ADT must prove that a reasonable consumer exercising ordinary care would be confused as to the source of the Defendants' goods and services.  ADT must also prove that an appreciable number of consumers are likely to be misled or confused as to the source of the product or services at issue in making a purchase of those products or services. Isolated instances of uncertainty regarding a connection between two businesses are not enough to support a finding of a likelihood of confusion. The law only protects against mistaken purchasing decisions and not against confusion generally.

Legal Authority:

*Schutz Container Systems, Inc. v. Mauser Corp*., 2012 WL 1073153, **23-25 (N.D. Ga. 2012) (finding defendants' placement of a sticker on the containers "disclaiming any affiliation with Plaintiff and clearly stating the [containers] were remanufactured" precluded "any reasonable consumer from claiming confusion as to the source of the "container") (relied on by this Court, DE 478); *Lang v. Retirement Living Pub. Co.,* 949 F.2d 576, 579-80 (2nd Cir. 1991) ("Whether a trademark owner receives judicial protection depends on whether there is any likelihood that an appreciable number of ordinarily prudent purchasers are likely to be misled, or indeed simply confused, as to the source of the goods in question."); *Health Industries v. European Health Spas*, 489 F. Supp. 860, 866 (D.S.D. 1980) (applying the ordinarily prudent purchaser standard); *Supreme Assembly, Order of Rainbow for Girls v. JH Ray Jewelry Co.*, 616 F. 2d 1079, 1082 n.3 (5th Cir. 1982) (typical consumer standard); *Nikon Inc. v. Ikon Corp.*, 987 F. 2d 91, 94 (2nd Cir. 1993); *Bosley Medical Institute, Inc. v. Kremer*, 403 F.3d 672, 677 (9th Cir. 2005);  *Renna v. County of Union, New Jersey*, 2014 WL 2435775, *10 (D. N.J. 2014) ("A company may feel put upon by statements about itself that it considers inaccurate. But trademark law is not the solution to that problem."); *Kadant, Inc. v. Seeley Machine, Inc.,* 244 F. Supp. 2d 19, 27 n.3 (N.D. N.Y. 2003); *Sun Banks of Florida*, 651 F. 2d at 319; *Amstar Corp.*, 615 F. 2d at 263.; McCarthy on Trademarks 23:14 (2009); *International Association of Machinists & Aero. Workers v. Winship Green Nursing Ctr.,* 103 F. 3d 196 (1st Cir. 1996); *Cosmetic Dermatology & Vein Ctrs. Of Downriver PC v. New Faces Skin Care Ctrs, Ltd.*, 2000 WL 423352 (E.D. Pa. Mich. 2000); *Nora Beverages, Inc. v. The Perrier Group of America, Inc., et al*, 269 F. 3d 114 (2nd Cir. 2001); *Nutri/systems, inc. v. ConStan Indus., Inc.*, 809 F.

2d 601, 606-607 (9th Cir. 1987); *Door Systems, Inc. v. Pro-Line Door Sys., Inc.*, 83 F.3d 169, 173 (7th Cir. 1996).

**Defendants' Proposed Jury Instruction No. 19**

**LIMITING INSTRUCTION: EVIDENCE RELATING TO OTHER COMPANIES**

You have heard evidence in this case relating to the training and practices of other alarm companies such as Silverline, APX, Vivint and others.  You should not rely on evidence relating to other alarm companies in reaching your verdict in this case.  These claims are against the particular defendants identified in these instructions, and you should decide those claims based on evidence presented in relation to the actual defendants.  Specifically, evidence regarding training and other practices relating to Silverline may only be considered as providing context and background information, not evidence of what these Defendants actually did.

Legal Authorities:

Plaintiffs suggested this instruction in the May 19, 2017 Hearing, saying "since there is a foundation linking the relationship, the jury can understand that Silverline is not the same company.  If there is confusion, that could be taken care of in a jury instruction."  May 19, 2017 Hearing Tr. at 28:24 – 29:2 ( ___).  The Court also referenced the potential need for such an instruction at the same hearing.  *Id.* at 33:6-

**Defendants' Proposed Jury Instruction No. 20**

**LIMITING INSTRUCTION: EVIDENCE RELATING TO LICENSING**

During this trial, you heard evidence relating to whether or not the Corporate Defendants, or their sales representatives, were licensed by particular towns, cities, states or other municipalities when they were attempting to sell their product in those areas. The parties have agreed to the following in relation to this evidence:

1. This evidence is not relevant to Plaintiffs' claim in Count I for false affiliation. You should not consider this evidence when reaching your verdict on Count I for false affiliation.

2. Whether or not the Defendants, or their sales representatives, actually had a license is not relevant to any of Plaintiffs' claims in this lawsuit.

3. You may consider the evidence relating to licensing in relation to Plaintiffs' claim in Count II I am not instructing you that such evidence is relevant to this issue, or that it is not relevant, but am instructing you to limit your consideration of this evidence pursuant to this agreement of the parties.

Legal Authorities:

*See* Transcript of May 19, 2017 hearing at 48:21-49:9 and 49:23-50:11 and 54:6-16

**Defendants' Proposed Jury Instruction No. 21**

**AFFIRMATIVE DEFENSES GENERAL INSTRUCTION**

If you find that ADT has met its burden to prove either Count I or Count II, or both, by a preponderance of the evidence, you must next consider Defendants' affirmative defenses as to that, or those, claims. If you find that ADT has not met its burden to prove either Count I or Count II by a preponderance of the evidence, you do not need to consider Defendants' affirmative defenses or damages.  I will now instruct you on those affirmative defenses.

<u>**Defendants' Proposed Jury Instruction No. 22**</u>

<u>**AFFIRMATIVE DEFENSE: PUFFERY**</u>

Defendants' first affirmative defense is puffery. Bald assertions of superiority, general statements of opinion, and puffery, are not misrepresentations of fact. Rather, the statements of fact must be a specific and measurable claim that is capable of being proven false. Puffery is "sales talk" that would be recognized by a reasonable buyer as such and appropriately discounted. Put another way, puffery is exaggerated advertising, blustering, overstatement, and boasting on which no reasonable buyer would rely.

<u>Legal Authorities:</u>

This instruction was given to the jury in *ADT I*. *See* Trial Transcript at 105:17-25 (Jury Instruction on Puffery) from ADT, LLC v. Alarm Protection Technology, LLC, et al., Southern District of Florida, Case No. 9:12-cv-80898 (DE 552). *Autodesk, Inc. v. Dassault Systemes Solidwork Corp.*, 685 F. Supp. 2d 1001, 1017 (N.D. Ca. 2009); *Peerless Wall & Window Coverings, Inc. v. Synchronics*, 85 F. Supp. 2d 519, 532 (W.D. Pa. 2000); *University of Florida Research Foundation, Inc. v. Orthovita, Inc.*, 1998 WL 34007129 *27 (N.D. Fla. April 20, 1998); *Osmose, Inc. v. Viana, LLC*, 612 F. 3d 1298, 1311 (11th Cir. 2010); *Pizza Hut v. Papa John's Intl*, 227 F. 3d 489, 496-497 (5th Cir. 2000); *Robert Bosch, LLC v. Pylon Manufacturing Corp.*, 632 F. Supp. 2d 362, 366-368 (D. Del. 2009).

Puffing generally refers to an expression of opinion not made as a representation of fact. *Gulf Oil Corp. v. Federal Trade Commission,* 150 F.2d 106, 109 (5th Cir.1945). Sellers of goods are given some latitude in enhancing the quality or value of their wares. *Id.* Statements made to puff goods are not actionable in misrepresentation even if untrue on the theory that no reasonable person would rely on general claims of superiority made by a salesman. W. Prosser, *supra* at 722. *See also* 1A R. Callmann, *Unfair Competition, Trademarks and Monopolies* § 5.19 (4th ed. 1981) (exaggerations should be allowed only where the *1041 ordinary purchaser understands he is not expected to rely). Where puffing is involved, the seller is entitled to an instruction along these lines.

<u>Mfg. Research Corp. v. Greenlee Tool Co.</u>, 693 F.2d 1037, 1040–41 (11th Cir. 1982)

**Defendants' Proposed Jury Instruction No. 23**

## AFFIRMATIVE DEFENSE: NOMINATIVE FAIR USE

Defendants' second affirmative defense is nominative fair use.  Under this defense, Defendants may reference ADT to refer to ADT's goods, but Defendants may not use the ADT name to refer to Defendants' own goods. You must  find that Defendants' reference to ADT was not infringing if Defendants prove by a preponderance of the evidence that their use of the ADT name meets the following elements: (1) the ADT name is the only name, term, or symbol reasonably available to describe ADT's goods; (2) Defendants do not attempt to capitalize on consumer confusion or to appropriate the prestige of the ADT name; and (3) Defendants' use of the ADT name does not identify ADT as the source of Defendants' goods.

Legal authorities:

Eleventh Circuit Pattern Jury Instruction (Civil) 10.3; *TracFone Wireless, Inc. v. Clear Choice Connections, Inc.*, 102 F. Supp. 3d 1321, 1326 (S.D. Fla. 2015), *appeal dismissed* (Apr. 20, 2016); *Norton Tire Co. v. Tire Kingdom Co.,* 858 F.2d 1533, 1534–35 (11th Cir.1988).

<u>**Defendants' Proposed Jury Instruction No. 24**</u>

**<u>AFFIRMATIVE DEFENSE: PIERCING THE CORPORATE VEIL</u>**

To hold an owner of a company liable for the actions of the company, ADT must prove by a preponderance of the evidence that:

One, the shareholder dominated and controlled the corporation to such an extent that the company's independent existence was, in fact, non-existent and the shareholders were, in fact, alter egos of the company; and

Two, the corporate form was used fraudulently or for an improper purpose; and

Three, the fraudulent or improper use of the corporate form caused injury to the claimant.

<u>Legal Authorities:</u>

*Gasparini v. Pordomingo*, 972 So. 2d 1053, 1055 (Fla. 3rd DCA 2008); *Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So. 2d 1114 (1984). Federal "courts have refused to pierce the veil even when subsidiary corporations use the trade name of the parent, accept administrative support from the parent, and have a significant economic relationship with the parent." *Pearson v. Component Tech. Corp.*, 247 F.3d 471, 485 (3rd Cir. 2001). The United States Supreme Court has held "it is hornbook law that the exercise of the control which stock ownership gives to stockholders will not create liability of the stockholders. . . . Nor will duplication of some or all of the directors or executive officers be fatal." *United States v. Bestfoods*, 524 U.S. 51, 61 (1998). *See also Smith v. AutoNation, Inc.*, 2000 WL 35749356, *9 (S.D. Fla. 2000) ("Thus, although there is some interrelationship between the companies, plaintiff has presented no evidence of AutoNation's complete domination or integration with [subsidiary] SMCD.").

**Defendants' Proposed Jury Instruction No. 25**

### REMEDIES: FALSE AFFILIATION (COUNT I)

If you find that ADT has proven in regard to Count I for false affiliation that one or more of Defendants has made false or misleading representations of fact that caused a likelihood of confusion as to that defendant's affiliation with ADT, and Defendants do not have a defense you must consider whether, and to what extent, monetary relief should be awarded.

Plaintiff's Actual Monetary Damages

You may award actual damages that ADT has sustained. ADT may recover the economic injury to its business proximately resulting from the particular defendant's wrongful acts. You are not required to calculate actual damages with absolute exactness – you may make reasonable approximations. But an award of actual damages to ADT must be just and reasonable, based on facts, and proved by ADT by a preponderance of the evidence.

Legal authorities:

Eleventh Circuit Pattern Jury Instruction (civil) 10.1;  *Babbit Elecs., Inc. v. DynaScan Corp.,* 38 F.3d 1161, 1182 (11th Cir 1994). ("[T]he Plaintiff must prove both lost sales and that the loss was caused by the Defendant's actions.")

**Defendants' Proposed Jury Instruction No. 26**

### REMEDIES: UNFAIR COMPETITION (COUNT II): COMPENSATORY DAMAGES

If you find that ADT has proven in regard to Count I for false affiliation that one or more of Defendants has made false or misleading representations of fact that caused a likelihood of confusion as to that defendant's affiliation with ADT, and Defendants do not have a defense, you must consider whether, and to what extent, monetary relief should be awarded.

You should award ADT an amount of money that the greater weight of the evidence shows will fairly and adequately compensate it for damages caused by the relevant Defendants' conduct.  ADT is entitled to recover only those damages that the parties reasonably could have anticipated.  You may not give a verdict for damages that rests on mere conjecture, speculation or guesswork. You may award damages only if you can make a fair and reasonable estimate of the monetary injury or loss to the claiming party on the basis of the evidence.

Legal Authorities:

*Rooney v. Skeet'r Beat'r of Southwest Florida, Inc.*, 898 So. 2d 968 (Fla. 2nd DCA 2005); *Miaim Beach Lerner Shops, Inc. v. Walco Mfg. of Fla., Inc.*, 106 So. 2d 233 (Fla. 3rD DCA 1958)

**Defendants' Proposed Jury Instruction No. 27**

**DUTY TO DELIBERATE WHEN ONLY THE PLAINTIFF CLAIMS DAMAGES**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**LEGAL AUTHORITY:**

Eleventh Circuit Pattern Jury Instruction 3.8.1

**<u>Defendants' Proposed Jury Instruction No. 28</u>**

## <u>ELECTION OF FOREPERSON EXPLANATION OF VERDICT FORM[S]</u>

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

**<u>LEGAL AUTHORITY:</u>**

Eleventh Circuit Pattern Jury Instruction 3.9