UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:15-CV-80073-ROSENBERG/HOPKINS

ADT, LLC, and ADT HOLDINGS, INC.,

    Plaintiffs,

v.

ALARM PROTECTION LLC, et al.,

    Defendants.
    _____/

## PERMANENT INJUNCTION

This matter having come before the Court, it is hereby:

**ORDERED AND ADJUDGED** that Defendants Alarm Protection LLC, Alarm Protection Management LLC, Alarm Protection Alabama LLC, Alarm Protection California LLC, Alarm Protection Florida LLC, Alarm Protection Georgia LLC, Alarm Protection Mississippi LLC, Alarm Protection Tennessee LLC, Alarm Protection Texas LLC, Alarm Protection Alaska LLC, Alarm Protection Arkansas LLC, Alarm Protection Kentucky LLC, Alarm Protection Ohio LLC, Alarm Protection Oklahoma LLC, Alarm Protection South Carolina LLC, Alarm Protection Technology LLC, Alder Holdings, LLC, Rhodesian Protection LLC, Boerboel Protection LLC, and Adam D. Schanz ("Defendants"), and their affiliates, subsidiaries, agents, servants, employees, officers, attorneys, successors and assigns, or any transferee of the business or assets of any of those entities ("the Enjoined Parties") and those acting in active concert with any of them, are permanently enjoined from the following:

1. The Enjoined Parties shall not make any false statement, and shall not train any of their agents to make any false statements, regarding the function, performance, capabilities, specification, features, requirements, reliability, availability, or design of any ADT customer's equipment, security systems, or services, or to falsely represent to any ADT customer any characteristic about such customer's ADT security system.

2. The Enjoined Parties shall not falsely state or imply, or train any of their agents to falsely state or imply, any of the following to a potential customer:

    a. That ADT is going out of business or is in financial difficulty;

    b. That ADT does not now exist;

    c. That ADT is changing, or has changed, its company name;

    d. That the Enjoined Parties are acquiring, merging with, have been taken over by, or are part of ADT;

    e. That the Enjoined Parties are acting on behalf of, or are otherwise acting with the consent or approval of ADT;

    f. That the Enjoined Parties are a "sister" or affiliated company of ADT;

    g. That the Enjoined Parties manufacture the equipment used by ADT;

    h. That the Enjoined Parties are performing routine maintenance on ADT's equipment;

    i. That the Enjoined Parties are at the customer's door to "update" or "upgrade" or "check" or "replace" an existing system, unless the Enjoined Person first advises the customer that he/she: (1) is a representative of any of the Enjoined Parties; (2) is not connected in any way with ADT; and (3) is not connected in any way with any manufacturer of the customer's existing equipment;

    j. That the Enjoined Parties, or any other entity, are "taking over" the monitoring of an ADT account or has purchased an ADT account from ADT;

    k. That ADT is not, or has stopped, monitoring the alarm system for that person, residence, or business;

    l. That ADT will no longer be able to monitor or service the alarm system for that person, residence, or business;

    m. That the Enjoined Parties are affiliated with, have the endorsement of, or are in any manner acting at the direction of any governmental or law enforcement agency. Notwithstanding this provision, the Enjoined Parties are not prohibited from following state or local legal requirements to notify a customer they are properly licensed as an alarm system agent and show their license to the customer.

**ORDERED AND ADJUDGED** that in the event ADT believes that the Enjoined Parties have violated the injunction, the parties will engage in the following dispute resolution process before ADT files any motion for contempt or any motion to enforce the injunction:

    a. ADT will provide written notice to the Enjoined Parties, through their Legal Department, or any other such individual that the Enjoined Parties shall designate, of the alleged violation and the facts and all recordings in their entirety supporting such violation;

    b. The parties will work together in good faith to bring a prompt resolution of the dispute concerning the alleged violation;

    c. If the dispute is not resolved within 14 days after receipt by the Enjoined Parties of written notice of the alleged violation, the Parties will mediate the dispute, with mediation to be completed within 45 days after receipt by the Enjoined Parties of written notice of the alleged violation;

    d. If the dispute is not resolved after mediation during the specified period, ADT may seek any appropriate relief with the court. In the event any of the Enjoined Parties is found to have violated this injunction, ADT shall be awarded its attorney fees and other costs of litigation that ADT incurs in any action to enforce this injunction, in addition to all other remedies and damages available. Additionally, in the event any party is required to enforce the terms of the Final Settlement Agreement, the party enforcing the terms of the Final Settlement Agreement shall be awarded attorneys' fees and other costs if successful.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 20th day of October, 2017.

                                                            ROBIN L. ROSENBERG
                                                            UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record